## ODELL v. F. C. FARNSWORTH COMPANY ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 186. Submitted March 24, 1919.—Decided June 9, 1919.

A suit by a patentee to compel an accounting for royalties under a contract assigning the patent, *held* not a suit arising under the patent laws, within Jud. Code, § 24, par. 7. P. 503.

257 Fed. Rep. 101, affirmed.

THE case is stated in the opinion.

*Mr. Samuel E. Darby* for appellant.

No appearance for appellees.

Mr. Justice Clarke delivered the opinion of the court.

This is an appeal from a decree of the District Court for the Southern District of New York, dismissing plaintiff's, appellant's, bill for want of jurisdiction.

The District Court certifies: That the case was heard on the bill of complaint and motion by the defendants to dismiss for want of jurisdiction; that the court ruled that the cause of action stated in the bill is an action on a contract and is not a suit arising under the patent laws of the United States, and that the bill was dismissed for want of jurisdiction, solely because it showed on its face that the matter in controversy is less than $3,000.

The bill shows the requisite diversity of citizenship to give the court jurisdiction, but the amount claimed is only $1,800, and therefore it did not have jurisdiction, (Judicial Code, § 24, 1st paragraph), unless the case is one arising under the patent laws of the United States.

The contention of the appellant is that the suit is one for infringement of a patent and arises under the patent laws and that therefore the court had jurisdiction regardless of the amount involved, Judicial Code, § 24, 7th paragraph.

The allegations of the bill are: That the plaintiff was an inventor of a new and useful "steam-trap," upon which he was granted letters patent No. 837,711; that on September 8th, 1914, he made a grant, in writing, to one of the defendants, to which the other defendant succeeded, of the "sole and exclusive right to manufacture and sell all apparatus covered by the patent," . . . "during the whole term of said patent," and that on the same date the defendant, assignee of the patent, agreed in writing to pay plaintiff, in addition to the sum paid for the assignment,— $100 within six months, and a royalty thereafter, of $5 upon each "apparatus" sold until there should be received on account of such royalties the sum of $1,800. It is fur-

ther alleged that the defendants had sold a large number of patented "steam traps" but had accounted and paid for the sale of only five, and that they pretend that the others which they are manufacturing and selling are not covered by the letters patent granted to the plaintiff, and, finally, that the legal title to the patent involved is held by the defendants to use, and pay for the use of, the invention according to the terms of the written contract of September 8, 1914.

The prayer is for a discovery of the number of "steam traps" covered by the patent which the defendants have sold and for a decree that they "account for and pay over to your orator the amount of royalties thereon which the defendants are required to do under the agreement herein referred to" and for the costs of suit.

Thus, neither the allegations nor the prayer of the bill aims at annulling or even modifying either the assignment of the patent or the contract on account of the breach of the latter, but on the contrary, plainly, the case intended to be stated, is one to enforce the contract and collect the royalties stipulated in it. Infringement of the patent is not alleged but, on the contrary, a completed grant and assignment of the legal title to it is pleaded, sufficient on its face, while unmodified, to disable the plaintiff from maintaining a suit for any infringement subsequent to the date of such assignment.

To constitute a suit under the patent laws the "plaintiff must set up some right, title or interest under the patent laws, or at least make it appear that some right or privilege will be defeated by one construction, or sustained by the opposite construction of these laws." *Pratt v. Paris Gas Light & Coke Co.*, 168 U. S. 255, 259.

The party who brings suit is "master to decide what law he will rely upon," and the allegations of his bill are the evidence, or the expression, of his decision, upon which the courts must act in determining the question of

their jurisdiction. *The Fair* v. *Kohler Die & Specialty Co.*, 228 U. S. 22; *Healy* v. *Sea Gull Specialty Co.*, 237 U. S. 479.

It is too clear for discussion that the case stated in the bill is a suit for royalties based on the contract, and not at all involving the construction of any law relating to patents. It has been often decided by this court that such a suit is not one arising under the patent laws, and since less than the requisite jurisdictional amount is claimed the District Court did not err in dismissing the bill. *Wilson* v. *Sanford*, 10 How. 99; *Dale Tile Mfg. Co.* v. *Hyatt*, 125 U. S. 46; *Albright* v. *Teas*, 106 U. S. 613; *Excelsior Wooden Pipe Co.* v. *Pacific Bridge Co.*, 185 U. S. 282; *Briggs* v. *United Shoe Machinery Co.*, 239 U. S. 48.

The decree of the District Court must be

*Affirmed.*