## SOUTHLAND SWEET POTATO CURING & STORAGE ASS'N et al. v. BECK.
### (No. 8423.)

(Court of Civil Appeals of Texas. Dallas. April 17, 1920. Rehearing Denied May 8, 1920.)

1. **Courts ⬅489(3)—Test of jurisdiction of United States courts under patent laws stated.**

To give jurisdiction to the United States District Courts under Jud. Code, § 24 (U. S. Comp. St. § 991, par. 7), providing for jurisdiction of suits arising under the patent laws, plaintiff must set up some right, title, or interest under such laws, or at least make it appear that some right or privilege will be defeated or sustained by the opposite construction of such laws.

2. **Courts ⬅489(3)—Suit between licensees of patented process over territorial rights within jurisdiction of state court.**

Where plaintiff and defendant had the exclusive right to use a patented process, and by contract divided their territory between themselves, a suit by plaintiff to enjoin defendant from using an unpatented improvement on such process in the territory allotted to plaintiff did not arise under the patent laws, but involved only a breach of contract and was within the jurisdiction of a state court.

3. **Patents ⬅211(1)—Use by licensee of improvement on patented process in another's territory held violation of contract.**

Where plaintiff and defendant, having the exclusive right to use a patented process in the United States, divided the territory between themselves, an alleged improvement on such process perfected by defendants was not an improvement in legal contemplation until patented, and its use in territory allotted to plaintiff was a violation of the contract.

4. **Injunction ⬅163(3)—Dissolution of temporary injunction on filing of answer denying equities not error.**

In a suit by one licensee of a patented process to enjoin others from using an alleged improvement in the territory allotted to him, the refusal to dissolve a temporary injunction on the filing of an answer denying the equities of the suit under oath was not error, as the trial court has some discretion in such matters, especially where the dissolution would result in greater hardship and injury than its continu-

ance, or where the complainant by the dissolution would lose benefits which would accrue by its continuance.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by Harry Beck against the Southland Sweet Potato Curing & Storage Association and others. From a judgment overruling a motion to dissolve a temporary injunction, defendants appeal. Affirmed.

Love & Rutledge and Adams & Stennis, all of Dallas, for appellants.

Spence, Haven & Smithdeal, of Dallas, for appellee.

RASBURY, J. Upon the sworn petition of appellee the honorable trial judge, pending further order, enjoined appellants, their attorneys, agents, employés, and servants, from selling or attempting to sell in certain states and counties thereof a system for curing sweet potatoes or the right to use such system under letters patent issued by the government of the United States to James B. Wells, and from representing that they or any of them owned letters patent covering an improvement of the Wells system of curing sweet potatoes, and from representing to prospective purchasers or any one else that the Wells system had been superseded, improved upon, or that appellee had no right to sell same for the reason that Wells, the patentee, had sued them, and from communicating to any person, copartnership, association, or corporation, to whom appellee contemplated selling the right to use said system, false statements concerning said system and appellee's title thereto, and from sending agents and officers into the specified territory to prevent appellee from making sales and contracts for said patent rights or to induce any one to believe that they had letters patent covering improvements of the Wells system. The petition upon which the injunction was granted disclosed that appellee and appellants had acquired from James B. Wells, patentee, the exclusive right to use the patented system for curing sweet potatoes in continental United States, and that appellee and appellants had by contract in writing divided the territory in which, as joint owners, they were to exercise such rights. The acts enjoined were, in substance, the acts complained of in the petition, and were alleged to have been committed in the territory set aside to appellee, and to be a breach of the contract dividing the territory. Appellants in time answered the petition, admitting the joint ownership of the patent right, the contract dividing the territory in which the parties might exploit same, but denied that such acts constituted a breach of the

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

contract, for the reason that subsequent to the transaction between the parties appellants had perfected a new and useful invention for curing potatoes and similar products not covered by the Wells patent, and an improvement thereof, which they intended to patent, and which they had the right to exploit and sell in the described territory, followed by a denial of each specific act charged against them by appellee, or, when not denied, by the claim that their acts and representations had reference solely to the improvement perfected by them, and which they intended to patent, and for that reason was justified regardless of the contract concerning a division of territory in which to exploit the Wells patent. Following the answer motion to dissolve was filed, presented to the court, and by the court overruled. The action of the court in that respect is assigned as error.

[1-3] The first contention is that the court below was without jurisdiction, and that as a consequence the motion to dissolve should have been sustained. The basis for the contention is the claim that appellee's pleadings disclose in substance that he seeks to enjoin appellants from selling in his (Wells') territory an improvement over the Wells patent, in consequence of which, if the allegations be true, the acts complained of are infringements, suits concerning which are cognizable alone in the District Courts of the United States. The District Courts of the United States have original jurisdiction "of all suits at law or in equity arising under the patent * * * laws," as well as numerous others. Jud. Code, § 24 (U. S. Comp. St. § 991, par. 7). The rule or test which determines jurisdiction under the clause cited, as declared by the Supreme Court of the United States, is that—

"The plaintiff must set up some right, title or interest under the patent laws, or at least make it appear that some right or privilege will be defeated by one construction or sustained by the opposite construction of those laws." Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 185 U. S. 282, 22 Sup. Ct. 681, 46 L. Ed. 910; Henry v. Dick Co., 224 U. S. 1, 32 Sup. Ct. 364, 56 L. Ed. 645, Ann. Cas. 1913D, 880; Pratt v. Paris Gaslight & Coke Co., 168 U. S. 255, 18 Sup. Ct. 62, 42 L. Ed. 458; Odell v. Farnsworth Co., 250 U. S. 501, 39 Sup. Ct. 516, 63 L. Ed. 1111.

Thus the inquiry here obviously is: Does appellee by his pleading assert or set up some right, title, or interest under the patent laws, or that the refusal to grant the relief sought will deny to him some right, title, or interest secured to him under those laws? We conclude that the facts alleged warrant a negative answer. The parties owned the Wells patent for curing sweet potatoes in the United States. Thereafter they entered into a contract setting aside

specified states and counties in the states wherein those to whom such territory was allotted might exclusively exploit the patent. The ownership of the patent and the allotment of the territory and the rights and interest of the parties are not in dispute. On the contrary, a fair analysis of the petition and answer discloses that appellants themselves and by their agents and employés and by correspondence have entered the territory allotted to appellee under the Wells patent and represented that they have an improved system for curing sweet potatoes which they intend to patent, and are thereby interfering with the exploitation of the Wells patent by inducing prospective purchasers not to acquire the Wells rights. Obviously, it seems to us, such facts, if true, constitute a breach of the contract by which the parties divided the territory, and is, in effect, an interference with appellee's exclusive rights therein at once distinguishable from a denial of the title to the patent or any right or interest therein which is required to constitute an infringement. If the petition or answer had disclosed that appellants had in fact secured patent for an improvement over the Wells patent, and the injunction was sought to restrain its exploitation in the territory allotted to the respective parties under the Wells system, it is certain that the issue would have been one of infringement, and the controversy, as a consequence, would have been cognizable in the United States District Court. But, as we have shown, the allegation merely is, in substance, that appellants have conceived such an improvement which they intend to patent. Of course, until it is determined by the constituted authority that such conception is an improvement over the Wells system, it is not an improvement in legal contemplation, and its use in appellee's territory as a result a violation of the contract in reference to the Wells patent.

Appellants rely on the case first cited as support for their contention. The facts in that case and those disclosed by the record here are, in our opinion, widely dissimilar. There Allen, the patentee, granted the Excelsior Redwood Company the exclusive right to manufacture and sell in the Pacific States the wooden pipes covered by his patent. The Excelsior Redwood Company, with consent of Allen, in turn transferred its license to Excelsior Wooden Pipe Company. Subsequently, and while the Excelsior Wooden Pipe Company was exclusive licensee, Allen and the Pacific Bridge Company, without the consent of the licensee, engaged in the manufacture and sale of wooden pipes covered by said patent. The licensee sued Allen and the Pacific Bridge Company for infringement, which has been defined to be "the unauthorized making, using, and selling of the invention during the life of the patent."

30 Cyc. 971. The Pacific Bridge Company and Allen answered, asserting, in substance, that the Excelsior Wooden Pipe Company had forfeited its license, and, as a consequence, was not entitled to exercise same. Such were the facts pleaded in that case.

In the case at bar, however, there is no controversy concerning the right to exercise the license to the Wells patent. By the allegations of the petition the license was acquired by all, and as a consequence all acquired the common right to exercise it. Thus it is clear that all issues of title, right, or interest, as such, in the license, is eliminated. The contract dividing the territory did not convey any greater interest to the parties than they had. It merely segregated the territory in which certain of the parties might exclusively vend the patent. The gravamen of the complaint is that appellants have violated that contract by invading appellee's territory. Appellee's answer in substance is that they are in such territory with an improved Wells system which they intend to patent which we are persuaded amounts to no more than an admission that they are attempting to vend a thing they are authorized to vend, but in a place where they have by contract agreed not to vend it, and which results purely in violation of the contract, and in no sense constitutes an infringement of the patent.

[4] It is also urged that the court erred in not dissolving the injunction on the coming in of appellants' answer denying seriatim under oath the equities of same. It is the rule that injunctions will not, in cases stated in the proposition, be dissolved as of course. The trial judge is clothed with some discretion in such matters, especially when it may reasonably be said that the dissolution would result in greater hardship and injury than its continuance or in case the complainant by the dissolution would lose benefits which would accrue by its continuance. Friedlander v. Ehrenworth, 58 Tex. 350. The facts alleged will support the rule. As a consequence, we conclude the court did not err in the respect claimed.

It is also contended that in suits for infringement, unless it clearly appears from the evidence that there is in fact an infringement, complainants are not entitled to injunction. As indicated, we have reached the conclusion that the case is not one for infringement, and, if it be true that the equities which will authorize the writ in such cases are peculiar, which we do not determine, that rule does not control in ordinary cases of alleged violations or breaches of contract where the rights of the parties can only be maintained and preserved by such writs. So believing, we also overrule that contention.

The judgment is affirmed.