## BARKEIJ v. DON LEE, Inc., et al.
### No. 937–M Civ.

District Court, S. D. California, Central Division.

Aug. 21, 1940.

Alan Franklin, of Los Angeles, Cal., for plaintiff and third-party defendant.

Flint & Mackay and Wesley L. Nutten, Jr., all of Los Angeles, Cal., for defendants and third-party plaintiff.

McCORMICK, District Judge.

One F. A. H. Barkeij, an alien and resident of the Dutch East Indies, as assignee of patent No. 2,199,276, issued April 30, 1940, sues Don Lee, Inc., and General Motors Corporation for the infringement of the patent. The defendants have denied infringement and have asserted other defenses as well by answer. They have also counterclaimed, seeking affirmative relief upon various grounds, among which are the claim that F. A. H. Barkeij is not the real party in interest, and also charges of conspiracy between plaintiff and his assignor,

who is also his brother, to defeat license rights which are asserted to have vested in defendants through a license agreement between plaintiff's assignor Jean A. H. Barkeij and defendant General Motors Corporation.

Under Rule 14, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, upon ex parte application, defendants filed a third party complaint in which plaintiff's assignor, a resident of Pasadena, California, is made defendant. Process has issued upon such complaint and the third party defendant has duly filed, presented and submitted a motion to dismiss the third party complaint upon the grounds (1) that the said third party complaint fails to state a claim upon which relief can be granted, and. (2) lack of jurisdiction over the subject matter. It is conceded that no diversity of citizenship and residence exists between the defendants and the third party defendant.

From close study of the pleadings it is clear that one of the main issues under the initial complaint, answer and counterclaim, is the effect upon the patent in suit of the license agreement of February 25, 1937, between plaintiff's brother and assignor, Jean A. H. Barkeij, and defendant General Motors Corporation. Profert of this agreement is made by defendants and a copy of the agreement is made a part of the answer and counterclaim.

The patent in suit is for "intake manifolds for internal combustion engines." Jean A. H. Barkeij, the inventor, has been an extensive worker in this art and has obtained prior patents in this mechanical field.

In the patent it is stated: "The present application is a continuation in part of my application No. 632,006 of Sept. 7, 1932, and of my application No. 702,970 of Dec. 18, 1933."

The license agreement between the initial plaintiff's assignor and defendant General Motors Corporation, for the consideration of $5,500, expressly grants to such defendant the paid-up, irrevocable right "to make or to have made for it on or for General Motors Corporation products, and to use and to sell on or for General Motors Corporation products, intake manifolds or gas distributing systems for internal combustion engines embodying the inventions disclosed in" certain of the patents and applications of Jean A. H. Barkeij of which the patent in suit expressly states it is to be a continuation.

There appears in the agreement the further grant and warranty by Jean A. H. Barkeij, the third party defendant, as follows: "The consideration above referred to is also accepted by me as payment in full for all liability of said General Motors Corporation, or demands by me against said Corporation by reason of the manufacture, use or sale prior to the date hereof of intake manifolds or gas distribution systems for internal combustion engines, it being the intent of this instrument to free said General Motors Corporation from any further liability for royalties or other payments for manufacture, use or sale, past or future, of intake manifolds or gas distribution systems embodying any invention covered by any patent, U. S. or foreign, that has issued or may hereafter issue provided such invention is disclosed in a U. S. patent application filed by me prior to the date hereof. It is understood specifically that I do not hereby grant any rights or license under patent 2,034,368, Barkeij, March 17, 1936."

These terms of the license agreement definitely tied into license rights to inventions partially continued in the patent in suit clearly distinguish this case from those decisions which hold that wholly detached, independent and separate agreements relating to patented instrumentalities are not cognizable under the patent laws of the United States. There is no doubt that it is at least debatable under the issues made by the pleadings and under the record before us as to whether or not the license agreement of February 25, 1937, is protective and indemnifying to defendants for the manufacture, sale and use of intake manifolds for internal combustion engines complained of by the plaintiff, and therefore, so that this important issue may be considered and effectively determined without repetitive litigation, the assignor of the initial plaintiff and the defendants' licensor should be brought into the case as a party.

Under the issues framed by the pleadings, without regard to the allegations of the third party complaint, it is certain that some right or privilege of the plaintiff or his assignor or the defendants will be defeated by one construction of the patent laws of the United States, or will be sustained by the opposite construction of those laws. This renders the entire controversy

876

nothing other than one under those laws; Odell v. F. C. Farnsworth Co., 250 U.S. 501, 39 S.Ct. 516, 63 L.Ed. 1111, and it is proper, if not necessary, in the interests of a just, speedy and inexpensive determination of the controversy to place it in such form that plenary, adequate and effective relief without a multiplicity of suits may be administered. This can be done by utilizing the third party practice.

 The new Federal Rules of Civil Procedure provide for the presentation of numerous claims, and the participation of multiple parties, in a single civil action. The primary object of this new procedural scheme is stated at the outset of it to be "to secure the just, speedy, and inexpensive determination of every action" (Rule 1). Rule 14, relating to third party practice, substantially provides that a defendant may bring into the action a person not already a party "who is or may be liable to him * * * for all or part of the plaintiff's claim against him." It is obvious that the purpose of Rule 14 is to permit a defendant to bring in a third party who is subject to a liability arising out of the claim upon which the suit is based. We think it clear under the initial pleadings that Jean A. H. Barkeij is such a party.

Furthermore, the relation and effect of the license agreement upon the patent here sued upon present and constitute an existing and concrete controversy between the initial plaintiff, his assignor and the defendants, as to their respective legal rights and obligations. Such a situation makes operative also the Declaratory Judgment Act and requires the presence of all interested in the controversy. 28 U.S.C.A. § 400. See Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L. Ed. 617, 108 A.L.R. 1000.

The weight of authority, we think, supports our conclusion that in this action under the facts disclosed by the pleadings and files, separate federal jurisdiction is not necessary as between the original defendants and the third party defendant in order to support the third party complaint. It is sufficient that the federal jurisdiction appears between the original parties in this action, which of course is conceded, the suit being for patent infringement. Under the record before us, this third party proceeding is ancillary or auxiliary to the main action. It is not deemed an independent suit. See Holtzoff New Federal Procedure and the Courts,

p. 46 et seq.; Bossard v. McGwinn, D.C. Pa., 1939, 27 F.Supp. 412; Gray v. Hartford Accident & Indemnity Co., D.C.La., 1940, 31 F.Supp. 299.

The motion of the third party defendant Jean A. H. Barkeij to dismiss the third party complaint is denied. The third party defendant shall make and serve answer to the third party complaint pursuant to Rules 12 and 13. Exceptions allowed.