LEO H. TART, Plaintiff v. DERL WALKER and DERL WALKER & SONS ENTERPRISES, Defendant

No. 7710SC1077

(Filed 7 November 1978)

**Patents § 1— patent infringement disguised as contract breach—federal court proper forum**

> Where plaintiff alleged that defendant violated a partnership dissolution agreement by continuing to manufacture a farm implement, the trial court properly determined that the action involved patent infringement and the federal courts had exclusive jurisdiction, notwithstanding plaintiff's arguments that (1) the complaint did not expressly allege a patent infringement, and (2) even if the complaint did raise some patent questions, a state court was the proper forum for suit on a contract concerning a patent, since the face of the complaint alone does not determine whether there is subject matter jurisdiction, and where a contract in no way expands upon the obligations created by the patent law, the proper jurisdiction for suit on that contract is the federal courts.

APPEAL by plaintiff from *Godwin, Judge*. Order entered 28 September 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 27 September 1978.

Plaintiff and defendant were the members of a partnership formed to manufacture a farm implement. Plaintiff's complaint alleges that since dissolution of the partnership defendant has continued to manufacture the implement, in violation of their agreement. Defendant moved for dismissal for lack of jurisdiction over the subject matter, on the ground that alleged patent infringement is involved, and that federal courts have exclusive jurisdiction of patent actions. Defendant's motion was granted and plaintiff appeals.

*Huggard & Sullivan, by John P. Huggard, for plaintiff appellant.*

*William L. Powell, Jr. for defendant appellee.*

ARNOLD, Judge.

Plaintiff relies on the wording of his complaint to support his contention that this is a simple breach of contract action, with jurisdiction in the state courts. The complaint states in pertinent part:

4. The plaintiff and defendant entered into a partnership agreement dated January 1, 1973. On the same date a second agreement was entered into. The second agreement granted the partnership the right to manufacture a farm implement designed and invented by the plaintiff.

5. The second agreement mentioned in paragraph No. 4 above specifically stated that should the partnership dissolve, then the right to manufacture the farm implement designed and invented by the plaintiff would revert to the plaintiff his heirs and assigns.

6. On December 21, 1974, the plaintiff and defendant entered into a dissolution agreement which was to dissolve and terminate the partnership's agreement mentioned in paragraphs numbered (4) and (5) above. This agreement specifically states that the farm implement designed and invented by the plaintiff and the right to manufacture said implement would rest with the plaintiff solely.

7. That from the 21st of December, 1974, to present, the defendant has breached his contract and continued to manufacture the farm implement designed and invented by the plaintiff much to the financial detriment of the plaintiff.

Defendant, filing his motion to dismiss, attached to it a copy of the dissolution agreement of 21 December, and he argues that paragraph 5 of that agreement mandates exclusive federal jurisdiction. That paragraph reads as follows:

5. It is also agreed that Leo H. Tart was the inventor of a harvesting machine patented under patent number 3393009, registered in the United States Patent Office, and which is now protected by patent law from infringement, and that said patent shall be the sole possession of Leo H. Tart; that Derl G. Walker will not infringe upon any valid patent right of Leo H. Tart.

From the face of the complaint it is not clear which agreement it is that plaintiff alleges has been breached. "His contract" in paragraph 7 might refer to either the formation agreement of 1 January 1973 or the dissolution agreement of 21 December 1974. However, defendant averred in his motion to dismiss that the sub-

ject matter of the complaint is breach of the dissolution agreement, and the record does not show that plaintiff has ever contradicted this assertion. Accordingly, we accept that it is the dissolution agreement which is the subject matter of this action. Paragraph No. 5 of the dissolution agreement specifically refers to "patent number 3393009" and to plaintiff's "valid patent right."

G.S. 1A-1, Rule 12(h)(3) provides that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Under Rule 12(b)(1) the question of subject matter jurisdiction may be raised by motion or by responsive pleading. Defendant properly raised the question by motion in the case before us.

Title 28, § 1338(a) of the United States Code gives federal courts exclusive jurisdiction of "any civil action arising under any Act of Congress relating to patents. . . ." This exclusive federal jurisdiction is made possible by Art. I, § 8(8) of the United States Constitution. In support of his position that federal jurisdiction is not invoked, plaintiff makes two arguments. First, he contends that this action does not "arise under any act of Congress relating to patents" because the complaint does not expressly allege a patent infringement. Second, he argues that even if the complaint does raise some patent questions, a state court is the proper forum for suit on a contract concerning a patent.

We reject plaintiff's contention that it is the face of the complaint alone which determines whether there is subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction is not viewed in the same manner as a motion to dismiss for failure to state a claim upon which relief can be granted. In our view, matters outside the pleadings, such as the contract attached to defendant's motion in the case at bar, may be considered and weighed by the court in determining the existence of jurisdiction over the subject matter. *See* Barron and Holtzoff, Federal Practice and Procedure, § 352, p. 340.

The United States Supreme Court in *Odell v. Farnsworth Co.*, 250 U.S. 501, 503, 39 S.Ct. 516, 63 L.Ed. 1111, 1113 (1919), said that "[t]o constitute a suit under the patent laws the *'plaintiff* must set up some right, title or interest under the patent laws . . . .' " (Emphasis added). And earlier, in *Pratt v. Paris Gas Light*

& *Coke Co.*, 168 U.S. 255, 259, 18 S.Ct. 62, 64, 42 L.Ed. 458, 460 (1897), the court had said that a patent case calling for federal jurisdiction arises "when the plaintiff *in his opening pleading . . .* sets up a right under the patent laws as grounds for a recovery." (Emphasis added). The language of these cases seems clear, but we believe there is a fundamental distinction between them and the case at bar that defeats plaintiff's argument.

In these cases, as well as in the many other federal patent jurisdiction cases we have examined, the contracts sued on had aspects other than patent infringement. In *Odell* the action was for royalties on a contract that concerned patents; in *Pratt*, the plaintiff had sued in assumpsit to recover the price of a patented machine. In the case at bar, however, the contract imposes no obligations other than those created by the patent law itself. It was only through careful and selective draftsmanship that plaintiff avoided the allegation of patent infringement. In fact, plaintiff's choice of words in pleading does not conform to the attached contract as evidenced by a comparison of paragraph 6. of the complaint and paragraph 5. of the dissolution agreement. According to the complaint, the agreement gave to plaintiff the sole "right to manufacture said implement," whereas in fact the agreement only purported to protect plaintiff's "patent number 3393009" from infringement. We do not believe that the Supreme Court meant that a plaintiff, by calling a patent infringement something else, could avoid federal jurisdiction. On the narrow facts of this case we find plaintiff's first contention without merit.

We reject plaintiff's second argument for the same reasons. It is true that by the weight of authority state court jurisdiction is upheld where the suit is on a contract even though the issue of infringement is the main issue. 167 ALR 1129. However, we have examined the cases collected in the ALR annotation, *id.*, and others, and have determined that in all those cases there was some aspect to the contract other than mere patent infringement. This distinction is implicitly recognized at 167 ALR 1135: "If the complaint sets forth only what appears to be a claim of infringement, . . . the jurisdiction of the federal courts is obvious if the principle is adhered to that jurisdiction depends on the complaint. The situation may be reversed by a setting forth of the . . . contract *and reliance upon some restrictive clause in it.*" (Emphasis added.)

While it is true that the suit before us concerns a contract, the only possible issue is whether defendant infringed "any valid patent right" of plaintiff. "A suit on a contract not to infringe a patent is beyond state court jurisdiction if the contract does not materially modify the federal cause of action for infringement. . . ." 60 Am. Jur. 2d, Patents, § 416, at 552. This was the result reached in *Buffalo Specialty Co. v. Gougar*, 26 Colo. App. 523, 144 P. 325 (1914), where the court said: "If the action is, indeed, a direct means of recovering for infringements of the patents . . . , and the written obligation does not materially modify such right of action or add to the legal rights of the plaintiff . . . in such recovery, . . . then it would seem that this action should be held to be, in fact, based upon an infringement of the patents, rather than a collateral action on the written obligation." *Id.* at 532, 144 P. at 327-28.

In summary, we find that where a contract in no way expands upon the obligations created by the patent law, the proper jurisdiction for suit on that contract is the federal courts. This decision does not conflict with *Coleman v. Whisnant*, 225 N.C. 494, 35 S.E. 2d 647 (1945), cited to us by both parties. In the *Coleman* case, the suit was for tortious interference with patent rights and for the collection of royalties, a clearly distinguishable situation.

The order of the trial court is

Affirmed.

Judges HEDRICK and WEBB concur.