CENTURY PRODUCTS, INC., Plaintiff,

Owen E. Perry, Attorney–Appellant,

v.

Lidiann SUTTER and Lidiann's Incorporated, Defendants–Appellees.

No. 86–1546.

United States Court of Appeals,
Sixth Circuit.

Sept. 28, 1987.

Decided Jan. 19, 1988.

Owen E. Perry, Reising, Ethington, Barnard, Perry & Milton, Troy, Mich., for attorney-appellant.

Ernest I. Gifford, Thomas E. Anderson, Gifford, Groh, VanOphem, Sheridan, Sprinkle & Dolgorukov, Birmingham, Mich., for defendants-appellees.

Before MARTIN and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Owen E. Perry, attorney for Century Products, Inc., appeals from the district court's judgment imposing sanctions pursuant to Federal Rule of Civil Procedure 11. For the following reasons, we reverse the district court's judgment.

## I.

Plaintiff below, Century Products, Inc. (Century), through appellant Perry and attorney Katherine C. Spelman, filed a complaint for declaratory judgment against Lidiann Sutter and Lidiann's, Inc., a Michigan corporation, (Sutter and Lidiann's respectively) in district court on November 14, 1985. Plaintiff alleged that 28 U.S.C. §§ 1332, 1338(a), and 2201 conferred jurisdiction on the court below. In substance, plaintiff alleged that defendants had al-ready or were then considering filing suit against plaintiff claiming unfair advantage and unjust enrichment, although plaintiff had not been served with an action lodged by defendants. Plaintiff further alleged that no unfair competition or unjust enrichment had occurred, but that plaintiff would be exposed to a likelihood of public disparagement unless its rights were declared. Plaintiff prayed for a declaration that it remains free to manufacture and sell its 3-way folding high chair and that such manufacture and sale does not infringe or otherwise interfere with defendants' rights, and for the district court permanently to enjoin defendants from instituting legal action or otherwise threatening plaintiff or any of its customers respecting the sale and manufacture of plaintiff's 3-way folding high chair.

Sutter and Lidiann's filed a motion to dismiss the complaint in the district court. Movants invoked 28 U.S.C. § 2201 and Federal Rules of Civil Procedure 12(b)(7) and 19 in support of their motion arguing that a currently pending previously filed state court action would dispose of this case, and that plaintiff had not joined Gerber Products Co., a necessary party, because joinder would defeat jurisdiction.

Century failed to respond directly to defendants' motion to dismiss. Instead, Century responded with a motion to stay proceedings on defendants' motion to dismiss until discovery is instituted in state court. In support of its motion, plaintiff argued that

> Century makes this motion in the interests of judicial economy. A procedural dispute regarding this matter has been temporarily resolved in [state court]. It is pointless to proceed with time consuming procedural maneuvering in this court, when a stay would not prejudice either party, and will very likely lead to an out of court resolution of the issues raised in the Motion to Dismiss pending before this court. However, it is Century's position that this court should not dismiss, but rather stay these proceedings pending the outcome of discovery or the issues raised in defendant's motion.

Plaintiff expressly requested that an oral hearing on its motion not be held, contending that the issues raised in its motion appeared so straightforward that a hearing was unnecessary.

Sutter and Lidiann's filed a response to plaintiff's motion to stay the proceedings. Defendants argued that further discovery was not necessary to shed light on the issues raised on defendants' motion to dismiss, and that immediate dismissal would best serve the interests of judicial economy. Additionally, defendants argued that the previously filed state court action would be dispositive of all issues raised by plaintiff, and that plaintiff was using this action as an attempt to force defendants into submission by forcing defendants to maintain two separate actions thereby placing a severe burden on defendants' lesser resources.

A hearing took place in the district court on January 10, 1986. The transcript indicates that early in the hearing appellant attempted but was not permitted to present supplemental authority in support of his practice in the district court. The district court conceded that it had the power to stay any action before it, but maintained that it was an abuse to request a stay in this case. The district court concluded: "I am clearly going to decline the exercise jurisdiction [sic] in this case, and I will clearly grant Defendant's [sic] Motion to Dismiss, and I am going to award costs, whatever you spent on the motion to stay and Rule 11."

Accordingly, on February 27, 1986, the district court issued an order granting the defendants' motion to dismiss and denying plaintiff's motion to stay the proceedings. Pursuant to Federal Rule of Civil Procedure 11, appellant was ordered to pay defendants' reasonable expenses of $125 incurred because of the filing of plaintiff's motion to stay the proceedings. Perry motioned to amend the district court's order by vacating that part of the order which imposed sanctions on him, and requested that the district court schedule a hearing to afford him an opportunity to oppose the imposition of Rule 11 sanctions. In the

brief in support of this motion he argued that the summary imposition of sanctions under Rule 11, *sua sponte* and without notice, did not comport with due process. The brief also stated that, "[i]f plaintiff's counsel is allowed to be heard on this issue, as required by Rule 11, plaintiff's counsel will respectfully show that Rule 11 sanctions are singularly inappropriate in this case."

On May 27, 1986, the district court issued a second order, denying Perry's motion to amend the court's February 27 order by vacating that part of the order which imposed sanctions on appellant. Initially, the district court found that Rule 11 "specifically reads that the court shall impose appropriate sanctions 'upon motion *or upon its own initiative.*'" (Emphasis in district court's order.) The district court also found that

[i]n light of the factual background of this action, the court is amply satisfied that its imposition of a $125 sanction against counsel comports with due process requirements. The court held a January 10, 1986 hearing at which time counsel was afforded an opportunity to explain why he failed to respond to defendant's [sic] motion to dismiss and instead filed a motion for stay. The manner through which this sanction was imposed is completely consistent with Congress' intent that Rule 11 sanctions be part of the court's responsibility for securing the system's effective operation.

Appellant filed this timely appeal from only that part of the order which imposed Rule 11 sanctions. The issue before this court is whether the district court abused its discretion by imposing Rule 11 sanctions in this case.

## II.

Federal Rule of Civil Procedure 11, as amended effective August 1, 1983, provides in part:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated.... The

signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper, that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

The Notes of Advisory Committee on Rules provide:

The new language is intended to reduce the reluctance of courts to impose sanctions ... by emphasizing the responsibilities of the attorney and reenforcing those obligations by the imposition of sanctions....

The new language stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. The standard is one of reasonableness under the circumstances.... This standard is more stringent than the original good faith formula and thus it is expected that a greater range of circumstances will trigger its violation....

The Notes caution, however:

The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories....

In his brief, Perry argues that the district court should not impose sanctions lightly because of the impact sanctions have on both an attorney's and a party's reputation. Appellant also urges that a clear dispute existed concerning whether federal jurisdiction existed on the basis of either diversity or federal question, and that the mere lack of success on the merits cannot alone justify sanctions. Appellant argues that the obligation of the federal courts to exercise the jurisdiction given to them precludes the imposition of Rule 11 sanctions as punishment for merely requesting a stay in this case, and that to hold that a mere request to exercise discretionary power to stay can result in the imposition of Rule 11 sanctions would have a chilling effect on advocacy.

Sutter and Lidiann's argue that Century's institution of the declaratory judgment action was vexatious and for no other purpose than harassment. Appellees maintain that the complaint clearly shows that Century had no genuine basis for instituting the action and that there was no basis to support jurisdiction in the district court. Appellees argue that Century was merely attempting to stay an action which it had filed only a month previously in an attempt to save a spuriously filed action. Appellees contend that in the exercise of discretion a court should normally deny a declaratory judgment when the issues raised may be fully adjudicated in a suit pending in a state court at the time when the federal declaratory judgment action is filed.

The Sixth Circuit has recently addressed the question of Rule 11 sanctions in *INVST Financial Group, Incorporated v. Chem–Nuclear Systems,* 815 F.2d 391 (6th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987). For appellant to prevail on appeal, he must show that the district court abused its discretion in finding that his conduct was not reasonable under the circumstances. *INVST,* 815 F.2d at 401–02; *Albright v. Upjohn Co.,* 788 F.2d 1217, 1221 (6th Cir.1986); *Eavenson, Auchmuty & Greenwald v. Holtzman,* 775 F.2d 535, 540 (3d Cir.1985).

What constitutes a reasonable inquiry may depend on such factors as the time available to the signor for investigation; whether the signor had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other pa-

per was based on a plausible view of the law; or whether the signor depended on forwarding counsel or another member of the bar. Fed.R.Civ.P. 11 Advisory Committee's Note to the 1983 Amendment. Although a district court is given wide discretion in deciding whether counsel have acted reasonably under the circumstances, "'[t]he court is expected to avoid using the wisdom of hindsight and should test the signor's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted.'" *INVST*, 815 F.2d at 401 (quoting Fed.R.Civ.P. 11 Advisory Committee's Note to the 1983 Amendment); *Eavenson*, 775 F.2d at 540. The conduct of counsel that is the subject of sanctions must be measured by an objective standard of reasonableness under the circumstances. *INVST*, 815 F.2d at 401; *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1177 (D.C.Cir.1985); *Davis v. Veslan Enters.*, 765 F.2d 494, 497 (5th Cir. 1985); *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 253–54 (2d Cir. 1985).

Additionally, the Sixth Circuit has recently held:

> While we endorse the view that sanction proceedings should not be allowed to bloom into protracted satellite litigation, *see Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1179 (D.C.Cir.1985); Advisory Committee Notes to 1983 Amendment to Rule 11, 97 F.R.D. 198, 201 (1983), a district judge faced with a sanction motion must make certain findings in determining that an award is appropriate. Careful analysis and discrete findings are required, no matter how exasperating the case. The grounds for sanctions explored here are designed to improve the litigation process, but improvement cannot come at the expense of vigorous advocacy. District courts must strike a delicate balance between protecting the adversary system and not allowing attorneys to exploit the system for their own purposes.

*Rathbun v. Warren City Schools (In re Ruben)*, 825 F.2d 977, 990–91 (6th Cir. 1987).

In the instant case, Century, through Perry, filed a motion to stay proceedings on defendants' motion to dismiss until discovery is instituted in state court. In support of its motion, Century argued that Sutter and Lidiann's motion to dismiss was based on jurisdiction, and that when a motion to dismiss is based on jurisdiction, the court should allow discovery on the issue before deciding the motion. *Majd–Pour v. Georgiana Community Hospital*, 724 F.2d 901 (11th Cir.1984) (although the district court properly denied a temporary restraining order for failure to establish jurisdictional facts, it was an abuse of discretion to dismiss the entire action on that basis without permitting reasonable discovery); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727 (11th Cir.1982) (permitting discovery of jurisdictional facts is not entirely discretionary and it was premature to dismiss an action without permitting the plaintiff an opportunity to establish jurisdictional facts); *Williamson v. Tucker*, 645 F.2d 404 (5th Cir.) (court must permit the plaintiff an opportunity for discovery to demonstrate jurisdiction), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981); 2A J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice* ¶ 12.07 (1987).

Perry argued that

> [i]f it is determined that Sutter and [Lidiann's] are basing their claims on unfair competition, such claims are tantamount to a claim under § 43(a) of the Lanham Act, and this court has subject matter jurisdiction. *Westward Co. v. Gem Products, Inc.*, 570 F.Supp. 943 (E.D. Mich.1983). If it is determined that Gerber is *not* a necessary party, then this court has jurisdiction because Century is not a resident of Michigan. Conversely, if discovery establishes that Gerber *is* a necessary party, diversity is destroyed and this Court will have jurisdiction only if a federal question exists for which the federal courts have exclusive jurisdiction.

Perry stressed that by requesting the stay and proceeding with discovery in state court, Century sought an orderly disposition of this case.

In his brief before this court, Perry relies on the *Colorado River* doctrine of exceptional circumstances. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483, *reh'g denied*, 426 U.S. 912, 96 S.Ct. 2239, 48 L.Ed.2d 839 (1976). The Court held in *Colorado River:*

> Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction....' ... Given [the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them], and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention. The former circumstances, though exceptional, do nevertheless exist.

> It has been held, for example, that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts.... In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum ...; the desirability of avoiding piecemeal litigation ...; and the order in which jurisdiction was obtained by concurrent forums.... No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required.... Only the clearest of justifications will warrant dismissal.

*Id.* at 817–19, 96 S.Ct. at 1246–47 (citations omitted). *See also, Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

Perry also relies on *Geni–Clor International, Incorporation v. Multisonics Development Corporation*, 580 F.2d 981 (9th Cir.1978), in support of his position. In *Geni–Clor*, the Ninth Circuit held in a situation similar to the instant case that the district court should have stayed its proceedings until the final adjudication in the related state proceedings. *Id.* at 984.

Although not cited by the parties, the Western District of Kentucky also faced a similar situation in *Lerco Corporation v. Haley*, 597 F.Supp. 517 (W.D.Ky.1983). In *Lerco*, the district court held:

> This case is currently before this Court on three (3) motions: 1) Haley's motion for partial summary judgment as to a particular group of patents, 2) Lerco's motion to strike Haley's counterclaim for damages, and 3) Lerco's motion to stay the entire proceedings pending the outcome of two (2) related actions which the parties have filed in state court. After long consideration, this Court denies both Haley's motion for partial summary judgment and Lerco's motion to strike Haley's counterclaim. However, this Court reluctantly sustains Lerco's motion to stay the proceedings.

*Id.* at 518. The court noted that "[t]he stay will allow the parties to concentrate their activities in one forum.... The state action may resolve enough issues to moot this litigation. However, this Court notes that if there is an infringement issue, this Court has exclusive jurisdiction. 28 U.S.C. Sec. 1338(a)." *Id.* at 521–22.

In his brief, appellant also relies on the state court's order granting partial summary disposition in the state court action between these parties. This order dismissed Sutter and Lidiann's unfair competition claims "because state law cannot impose liability for or prohibit the copying of plaintiffs' claim which is covered by neither a federal patent nor a copyright under the *Sears–Compco* doctrine of *Sears Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964) and *Compco Corp. v. Day–Brite Lighting*, 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964)."[1]

**1.** The *Sears–Compco* doctrine requires that

"when an article is unprotected by a patent or a

■ Without commenting on the merits of Century's complaint or its motion to stay since they are not before this court, we agree with appellant that Rule 11 sanctions constituted an abuse of discretion in this case. We conclude from the cases cited in support of the motion to stay that Perry's conduct was reasonable under the circumstances.

■ We reiterate that the test for the imposition of Rule 11 sanctions in this circuit, inspired by the Advisory Committee's Note to the 1983 Amendment, is whether the individual's conduct was reasonable under the circumstances. *INVST*, 815 F.2d at 401–02; *Albright*, 788 F.2d at 1221. The question of whether an individual's conduct was reasonable under the circumstances is a mixed question of law and fact. In light of the district court's more intimate knowledge of the facts of these cases, this court has determined that an abuse of discretion standard of review of the district court's decision to grant Rule 11 sanctions is proper. *INVST*, 815 F.2d at 401–02; *Albright*, 788 F.2d at 1221. Although *de novo* review is the proper standard of review of pure questions of law, i.e., abstract statements of law, we do not agree with the concurring opinion that *de novo* review is proper in this situation. Moreover, the adoption of a *de novo* standard of review would result in a split of authority within the circuit.

Because we find that the imposition of Rule 11 sanctions in this case constituted an abuse of discretion, we need not decide whether the district court complied with procedural due process. Additionally, in light of our holding we decline to grant appellees' request that we impose double costs and attorney's fees as damages pursuant to Federal Rule of Appellate Procedure 38.

Accordingly, the district court's judgment imposing Rule 11 sanctions is REVERSED.

copyright, state law may not forbid others to copy that article. To forbid copying would interfere with the federal policy, found in Art. I § 8, cl. 8, of the Constitution and in implementing federal statutes, of allowing free access to copy whatever the federal patent and copyright

DAVID A. NELSON, Circuit Judge, concurring.

Although I concur in the judgment and in most of the opinion of the court, I write separately to note that I have some doubt as to whether this is the kind of case in which the appellant can prevail on appeal only if he shows that the district court abused its discretion. It seems to me that the district court's conclusion that the filing of the motion for a stay violated Rule 11 may well have been a legal conclusion that we ought to review under a *de novo* standard. See *Brown v. Federation of State Medical Boards*, 830 F.2d 1429, 1434 (7th Cir.1987) ("[W]e review *de novo* the district court's legal conclusion....") *Cf. Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1175 (D.C.Cir.1985) ("[A] decision whether the pleading or motion is *legally* sufficient ... involves a question of law and receives this court's *de novo* review.").

Rule 11 does not prohibit an attorney from signing a motion that has a proper purpose if the attorney reasonably believes the motion "is warranted by existing law...." Whether a motion is "warranted by existing law" is a legal question. If the district court imposed sanctions in the case at bar because it thought the appellant's motion was not warranted by existing law, and if we think (as I do) that the district court's understanding of the law was incorrect, we probably ought to reverse the order without reaching the abuse of discretion question.

It is true that many decisions made under Rule 11 are reviewed under an abuse of discretion standard, but I do not read either *Albright v. Upjohn Co.*, 788 F.2d 1217 (6th Cir.1986), or *INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.*, 815 F.2d 391 (6th Cir.) *cert. denied,* —— U.S. ——, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987) as holding that this standard governs our re-

laws leave in the public domain." *Compco Corp. v. Day–Bright Lighting*, 376 U.S. 234, 237, 84 S.Ct. 779, 782, 11 L.Ed.2d 669, *reh'g denied,* 377 U.S. 913, 84 S.Ct. 1162, 12 L.Ed.2d 183 (1964).

view of *legal* determinations made by a trial court under Rule 11. In *Albright,* where the basis for the defendant's Rule 11 motion was a claim that the plaintiff "failed to reasonably investigate the *facts,*" 788 F.2d at 1221 n. 5, this court referred with evident approval to the standard of review analysis in *Westmoreland, supra.* 788 F.2d at 1221–22. In *INVST* (where *Westmoreland* was also cited, see 815 F.2d at 401), an attorney named Garratt appealed an order imposing sanctions for, among other things, filing a motion for recusal of the trial judge; Garratt contended, on appeal, that "the district court abused its discretion in imposing sanctions," *id.* at 401, and although this court repeated that formulation of the standard of review, the court seems in fact to have reviewed the trial court's legal determination *de novo.* ("[T]here was absolutely no legal basis upon which Garratt could have reasonably believed that adverse rulings in prior cases were sufficient to show bias. * * * We conclude that Garratt violated Rule 11 by filing the motion for recusal." *Id.* at 402–03.)