914 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Aubrey WILLIAMS, Plaintiff-Appellant,
v.
SUPREME COURT OF KENTUCKY, Board of Governors of the
Kentucky Bar Association, Defendants-Appellees.
 No. 89-5103.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1990.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and ZATKOFF, District Judge.*
 WELLFORD, Circuit Judge.
 
 
 1
 Appellant, Aubrey Williams, appeals pro se the district court's imposition of sanctions pursuant to Fed.R.Civ.P. 11 (hereinafter "Rule 11"). We affirm in part and reverse in part for the reasons indicated.
 
 I.
 
 2
 In 1984, appellant, a black attorney, was suspended from the practice of law for ninety days for writing a disrespectful letter to a state court judge. In 1987, appellant was again suspended for six months for failing to seek prior approval of his fee from the Kentucky Workers' Compensation Board. The Kentucky Supreme Court thereafter held appellant's petition for reinstatement in abeyance pending an investigation into his dismissal from a state job.[1]
 
 
 3
 Appellant filed suit against the Kentucky Supreme Court and the Kentucky Bar Association alleging violations of Title 42 U.S.C. Secs. 1981 and 1983. Williams argued that his equal protection rights were violated by defendants' alleged selective and discriminatory enforcement of the canons of ethics. Specifically, appellant alleged that white attorneys were not disciplined as severely as he has been for similar actions. He sought, in addition to punitive damages: 1) an injunction enjoining defendants from engaging in discriminatory enforcement of the canons of ethics; and 2) an order (a) directing defendants to institute an affirmative action program insuring participation of black attorneys in KBA disciplinary matters, (b) directing that all disciplinary hearings open to the public, and (c) directing his immediate reinstatement to the practice of law and an expunction of his disciplinary records.
 
 
 4
 Appellees filed motions to dismiss which were granted by the district court on separate grounds. First, the court found that the doctrine of abstention prohibited it from intervening in pending state judicial proceedings. Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423 (1982). Second, citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), the court found that under 28 U.S.C. Sec. 1257, it did not have subject matter jurisdiction to review final determinations of the Kentucky Supreme Court. Third, the Court held that the Eleventh Amendment barred a suit against defendants. Finally, the Court held that the doctrine of judicial immunity shielded defendants from liability in disciplining plaintiff. Appellant subsequently filed a motion for reconsideration that was denied.
 
 
 5
 Thereafter, defendants moved for the imposition of sanctions pursuant to Rule 11. The district court initially entered an order evidencing its intent to grant the motions, but then scheduled the matter for a show cause hearing.[2] After the hearing, the district court made a downward adjustment of the attorneys' fees claimed, and entered its order granting defendants' motions for sanctions. It awarded $5,000.00 in fees and expenses to the Supreme Court, however, and $1,893.25 to the Kentucky Bar Association.
 
 II.
 
 6
 The issue on appeal is whether the district court abused its discretion by awarding defendants' attorneys' fees and costs as sanctions under Rule 11. Cooter & Gell v. Hartmarx Corp., 58 U.S.L.W. 4763, 4769 (1990). The district court found that the conduct of appellant was not reasonable under the circumstances and that authority and precedent on the questions of abstention, jurisdiction and immunity should have alerted appellant to the lack of substance of his claims.
 
 
 7
 Much of appellant's oral argument before this court, like his argument to the court below, addressed the merits of the suspensions which formed the genesis of this action. As Judge Ballantine properly noted below, however sympathetic the court to appellant's argument, the merits of the suspensions and the delay for investigation by the Supreme Court of Kentucky is not the primary issue.[3] The issue is whether, "to the best of [Williams'] knowledge, information, and belief formed after reasonable inquiry, [the complaint] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law...." See Rule 11.
 
 
 8
 The rule at issue imposes upon an attorney or party an affirmative duty to conduct a reasonable inquiry into both the facts and the law prior to signing and filing a pleading. The rule also requires that the pleading not be filed for any improper purpose. See Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor, 875 F.2d 1224, 1229 (6th Cir.1989).[4] The court must judge his conduct by an objective standard of reasonableness under the circumstances at the time the pleading is filed. See INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 401 (6th Cir.), cert. denied, 484 U.S. 927 (1987). To prevail on an appeal from the imposition of Rule 11 sanctions, an appellant must show that the district court abused its discretion in finding that his conduct was not reasonable under all the circumstances. See Cooter & Gell, supra; Davis v. Crush, 862 F.2d 84, 88 (6th Cir.1988); Century Products, Inc. v. Sutter, 837 F.2d 247, 250 (6th Cir.1988).
 
 III.
 
 9
 Middlesex involved the question "whether a federal court should abstain from considering a challenge to the constitutionality of disciplinary rules that are the subject of pending state disciplinary proceedings" in a state court in a suit by a black attorney. Reversing a divided panel of a court of appeals, the Court ruled that the federal court should have abstained. Four members of the Supreme Court, however, noted that the issues were "close" and somewhat "unclear." The underlying claims in this case against appellees was a "policy, custom, and practice" of alleged racial discrimination. Williams claimed that no black had been a member of the Supreme Court nor the KBA Board of Governors and its staff and that actions against him and other black attorneys were unduly severe. He claimed that for some four years appellees have "extended" his suspension from practice and "frustrate his efforts to regain his license." Middlesex was an adequate basis for the federal court to abstain from any decision while the state proceedings were ongoing.
 
 
 10
 There was, then, no need to consider appellant's legal contentions in light of Middlesex. Whether or not immunity applied or whether the court and bar association actions were judicial, legislative, or administrative need not have been decided.[5]
 
 
 11
 Appellant's motion to reconsider likewise presented legal issues that were properly avoided by the decision to abstain. This motion was filed prior to our decision in Sparks on remand, decided October 18, 1988, 859 F.2d 428. It should have been denied, again, based on Middlesex.
 
 
 12
 We believe, under all the circumstances, that while imposition of sanctions may have been appropriate, the issues were not altogether clearcut (with the exception of the claim for punitive damages), and that the amount of sanctions imposed was excessive. Although Rule 11 requires that the court impose sanctions where appropriate, the sanction levied need not invariably include an order to pay the other party's actual expenses. Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor, 875 F.2d 1224, 1232 (6th Cir.1989); Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3rd Cir.1988); Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1091 (3rd Cir.1988). See also Jain v. University of Tennessee at Martin, No. 89-5621 (6th Cir. April 25, 1990) (movant requested $15,000 in fees; award of $2535 not an abuse of discretion).
 
 Furthermore, this court has held:
 
 13
 "Reasonable" [as used in Rule 11] does not necessarily mean actual expenses. Thus, in order to award the fees sought ..., the court must find that the actions for which fees are sought were reasonably necessary to defend against the motions.
 
 
 14
 INVST Financial Group, 815 F.2d at 404. As noted, the district court did make a downward adjustment in the amount of attorneys' fees claimed; however, we still find it somewhat anomolous that a complaint as frivolous as Williams' claim is alleged to be required the claimed expenditure of close to $7,000 in attorneys' fees by the defendants. We again emphasize that, under the authority of Middlesex alone, the district court should have abstained without deciding other difficult immunity and constitutional issues.
 
 
 15
 The central purpose of Rule 11 sanctions is deterrence, not compensation. Cooter & Gell, 58 U.S.L.W. at 4765; Mann v. G & G Manufacturing, No. 88-1622 (6th Cir. April 12, 1990), slip op. at 18 n. 9, quoting Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor, 875 F.2d 1224, 1229-30 (6th cir.1989); Doering, 857 F.2d at 194. Rule 11 is not a fee-shifting statute. Cooter & Gell, 58 U.S.L.W. at 4769. One commentator has suggested that the "basic principle ... is that the least severe sanction adequate to serve the purpose should be imposed." Schwarzer, Sanctions under the New Federal Rule 11, A Closer Look, 104 F.R.D. 181, 201, cited in Brown v. Federation of State Medical Boards of U.S., 830 F.2d 1429, 1437 (7th Cir.1987), and Cabell v. Petty, 810 F.2d 463, 466-67 (4th Cir.1987).
 
 
 16
 "The district court must exercise its discretion to tailor an 'appropriate sanction.' " Cooter & Gell, 58 U.S.L.W. at 4767. A court's decision in fashioning an "appropriate sanction" should be informed by equitable considerations, including the sanctioned party's ability to pay. Mann v. G & G, slip op. at 18 n. 9, quoting Jackson v. Law Firm, 875 F.2d at 1229-30; Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc., 886 F.2d 1485 (7th Cir.1989); Doering, 857 F.2d at 195; Oliveri v. Thompson, 803 F.2d 1265, 1281 (2nd Cir.1986), cert. denied, 480 U.S. 918 (1987). See also Lieb v. Topstone Industries, Inc., 788 F.2d 151, 158 (3rd Cir.1986) ("the conduct of an experienced lawyer or of a lawyer who acted in bad faith is more apt to invite assessment of a substantial penalty than that of a less experienced or merely negligent one.").
 
 
 17
 In light of the purpose of Rule 11, as well as other equitable considerations, we conclude that the imposition of sanctions of almost $7,000 on the facts of this case was an abuse of discretion. In the interest of obviating further litigation, and in keeping with the rule's mission, we AFFIRM the district court's imposition of sanctions, but reduce the award to $500 in favor of the Kentucky Supreme Court and a similar amount in favor of the Board, a total of $1,000.
 
 
 18
 LAWRENCE P. ZATKOFF, District Court, dissenting.
 
 
 19
 I agree with the majority that Rule 11 sanctions were appropriate in this case. I disagree with the decision to make a downward adjustment in the amount granted. Appellant acted unreasonably in suing defendants for disciplinary actions they took against him. His attempt to have the federal court review defendants' disciplinary actions was clearly unreasonable as it was not warranted by existing law or a good faith argument for modification in the law.
 
 
 20
 I dissent because I believe the amount of sanctions imposed was proper and not an abuse of discretion. As indicated by the Supreme Court in Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447 (1990), "[t]he district court is best acquainted with the local bar's litigation practices and thus best situated to determine when a sanction is warranted to serve Rule 11's goal of specific and general deterrence." Id. at 2460. The Court added: "[d]eference to the determination of courts on the front lines of litigation will enhance these courts' ability to control the litigants before them." Id.
 
 
 21
 Based on what I perceive as a careful and thoughtful review of this case by the district court, I find no abuse of discretion in the amount of sanctions imposed. I would, therefore, affirm the district court's imposition of sanctions in its entirety.
 
 
 
 *
 THE HONORABLE LAWRENCE P. ZATKOFF, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 For most of the time relevant to this proceeding, Williams had not been readmitted to the bar and was unable to practice law. At oral argument in March 1990, Williams advised the court that he had recently been readmitted
 
 
 [2]
 The district court noted that it had dismissed Williams' complaint without trial and ordered the hearing to give Williams an opportunity to be heard
 
 
 [3]
 Indeed, in his December 30, 1988 Memorandum, Judge Ballantine recognized and applauded Mr. Williams' efforts during the time Judge Ballantine has known him, from Mr. Williams' days as a freshman in law school through his service to civil rights organizations and to the Commonwealth of Kentucky as a member of the Kentucky General Assembly. We join in this recognition of Mr. Williams as a pioneer for his race
 
 
 [4]
 Williams had been barred from practice for a number of years when he filed his suit. While he may not avail himself of Haines v. Kerner, 404 U.S. 519 (1972) (allegations of a pro se complaint are held to a less stringent standard the formal pleadings drafted by attorneys), he is viewed by us acting in the role of a litigant, not as a lawyer
 
 
 [5]
 Forrester v. White, 484 U.S. 219, 228-29, presents some ambiguity as to equitable relief:
 Similarly, in the same case, [Supreme Court of Va. v. Consumers Union, 446 U.S. 719 (1980) ] we held that judges acting to enforce the Bar Code would be treated like prosecutors, and thus would be amenable to suit for injunctive and declaratory relief. Id. at 734-737. Cf. Pulliam v. Allen, 466 U.S. 522 (1984). Once again, it was the nature of the function performed, not the identity of the actor who performed it, that informed our immunity analysis.
 See also Sparks v. Kentucky Character & Fitness Committee, 818 F.2d 541 (6th Cir.1987) vacated and remanded, 484 U.S. 1022 (1988).