924 F.2d 1058
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert B. MUNN and Marcia L. Munn, Plaintiffs-Appellants,
v.
MICHIGAN BANK--PORT HURON, Defendant-Appellee.
 No. 89-1771.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1991.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Robert B. and Marcia L. Munn appeal the district court's judgment affirming the bankruptcy court's imposition of sanctions pursuant to Federal Rule of Civil Procedure 11 and Bankruptcy Rule 9011. For the reasons that follow, we affirm the decision to impose sanctions, but we vacate the judgment as to the amount of sanctions imposed.
 
 I.
 
 2
 Robert and Marcia Munn ("plaintiffs") had a debtor-creditor relationship with Michigan National Bank (the "bank"), the successor of Michigan Bank Port Huron, dating back at least to May 1973 when the bank took a security interest in the inventory, accounts receivable, and goods of a business owned by plaintiffs to secure a business loan. On March 29, 1975, plaintiffs granted the bank a mortgage on their residence to secure a loan. In November 1978 plaintiffs granted the bank another mortgage on their residence and two additional parcels of real estate in order to obtain a $50,000 loan to their business.
 
 
 3
 In 1981 plaintiffs consolidated their debt into a single, 90-day note which was subsequently redocumented to a term loan payable over several years. Plaintiffs paid on the note for approximately two years before their business failed and they filed for Chapter 11 bankruptcy. When plaintiffs' business failed, an auction of their personalty produced nominal proceeds for the bank, and foreclosure under the 1975 mortgage was imminent.
 
 
 4
 In June 1984 plaintiffs filed the present action in state court seeking $19.5 million from the bank and two individuals who were later dismissed as defendants by the state court. In October 1984, this action was removed to the bankruptcy court as an adversary proceeding. On October 15, 1985, plaintiffs amended their complaint to set forth a variety of allegations against the bank, including forgery, fraud, conspiracy, interference with contractual relationships, failure to provide proper notice and disclosure under the Truth in Lending Act, slander of title, misrepresentation, wrongful execution of mortgages, and breach of fiduciary duty. Plaintiffs alleged that the bank's foreclosure actions sought to enforce invalid liens as to personalty and realty and, consequently, forced the plaintiffs out of business. The allegations related to the two mortgage transactions and security agreements of 1975 and 1978.
 
 
 5
 On November 19, 1985, the bank moved for summary judgment which the bankruptcy court granted in part and denied in part on December 10, 1985. The bankruptcy court dismissed the claims of breach of fiduciary duty, interference with contractual relationships, intentional misrepresentation, fraud, and violations of the Truth in Lending Act. However, the court denied the summary judgment motion as to plaintiffs' claims of innocent misrepresentation and slander of title.
 
 
 6
 The case proceeded, and the bank requested the production of certain documents to establish the existence of promissory notes evidencing a continuing loan relationship. However, plaintiffs repeatedly refused to answer the bank's discovery requests, and on December 13, 1985, the bank filed a motion to compel answers to interrogatories and reponses to request for production of documents. On January 29, 1986, the bankruptcy court entered an order compelling the requested discovery, and plaintiffs filed additional answers to the interrogatories, but the answers were deficient and contrary to the court's order. On May 8, 1986, the bankruptcy court granted the bank's motion for attorneys' fees and sanctions pursuant to Bankruptcy Rule 7037, and ordered plaintiffs to pay the bank's expenses of $1,000. Additionally, the bankruptcy court barred plaintiffs from contesting that there had been a continuous and unbroken lending relationship between plaintiffs and the bank from April 1, 1973, to May 1986.
 
 
 7
 On May 19 and 20, 1986, counsel for plaintiffs moved for mandatory and permissive withdrawal from representation of their clients, asserting that their continued involvement in the case would violate professional disciplinary rules. Counsel for plaintiffs further asserted that their clients' action lacked merit in law as well as in fact and was brought for the sole purpose of harassing and maliciously injuring the bank. On July 11, 1986, the bankruptcy court granted the attorneys' motion to withdraw after finding that there had been a breakdown in the attorney-client relationship. On the same date the bankruptcy court granted the bank's motion to dismiss the entire case under Bankruptcy Rule 7041 because plaintiffs failed to comply with the court's May 8, 1986, sanction order.
 
 
 8
 The bank filed a motion for sanctions and attorneys' fees pursuant to Federal Rule of Civil Procedure 11 and Bankruptcy Rule 9011, asserting that plaintiffs had initiated and maintained this action in violation of those rules. At an evidentiary hearing on the bank's motion, one of plaintiffs' attorneys testified that plaintiffs provided him with numerous installment loan books and banking documents reflecting the loan relationship between plaintiffs and the bank on the day prior to the hearing. Following the evidentiary hearing, the bankruptcy court entered an opinion and order on January 21, 1988, granting the bank's motion for sanctions. The bankruptcy court found that plaintiffs' institution and continuation of the action against the bank was unreasonable and vexatious. The bankruptcy court stated:
 
 
 9
 Throughout this action, Plaintiffs concealed relevant facts from the Bank and their own attorneys. Their deliberate withholding of pertinent loan documents was dilatory and improper; clearly it resulted in a waste of this court's judicial resources.
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 Had Plaintiffs disclosed the existence of the promissory notes which evidenced the longstanding and continuous loan relationship which the Bank claimed, counsel for Plaintiffs would have recognized the baseless nature of this case earlier. The Plaintiffs provoked needless court proceedings and caused unnecessary delays.
 
 
 13
 Accordingly, the bankruptcy court ordered plaintiffs to pay the bank $87,566.33 in costs and attorneys' fees, and also ordered plaintiffs to pay $2,500 to the clerk of the bankruptcy court as a sanction for the costs incurred by the court.
 
 
 14
 Plaintiffs filed a pro se appeal to the district court pursuant to 28 U.S.C. Sec. 158(a) challenging the bankruptcy court's imposition of sanctions.[1] Following a hearing and a review of the record, the district court concluded that the bankruptcy court's findings of fact were not clearly erroneous, and that plaintiffs' institution and continuation of their suit against the bank was unreasonable and vexatious and resulted in a violation of Rule 11 and Bankruptcy Rule 9011. Accordingly, the district court entered a memorandum opinion and order on May 31, 1989, affirming the bankruptcy court's order imposing sanctions upon plaintiffs. This timely pro se appeal followed.
 
 
 15
 The principal issue on appeal is whether the district court erred by affirming the bankruptcy court's imposition of sanctions on plaintiffs pursuant to Federal Rule of Civil Procedure 11 and Bankruptcy Rule 9011.
 
 II.
 
 16
 We review a district court's decision to impose Rule 11 sanctions under an abuse of discretion standard. Century Products, Inc. v. Sutter, 837 F.2d 247, 253 (6th Cir.1988); INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 401-02 (6th Cir.), cert. denied, 484 U.S. 927 (1987). The same standard of review is applicable when reviewing a bankruptcy court's imposition of sanctions. See In re Taylor, 884 F.2d 478, 480 (9th Cir.1989). Bankruptcy Rule 9011 is essentially identical to Rule 11, and other courts have held that cases construing Rule 11 are applicable to Bankruptcy Rule 9011. See In re Taylor, 884 F.2d at 480; In re D.C. Sullivan Co., 843 F.2d 596 (1st Cir.1988). The purpose of Rule 11 is to deter abuse of the legal process by discouraging dilatory or abusive tactics and lessening frivolous claims and defenses. Herron v. Jupiter Transport Co., 858 F.2d 332, 334-35 (6th Cir.1988). The standard for determining a Rule 11 violation is an objective one of reasonableness under the circumstances. Century Products, 837 F.2d at 250.
 
 
 17
 Plaintiffs deny violating Rule 11 and contend that they have a valid claim based on fraudulent and illegal conduct by the bank. Plaintiffs' pro se brief presents a different version of the facts than those found by the bankruptcy court and adopted by the district court. However, because plaintiffs' allegations are not supported by the record, we hold that the bankruptcy court's findings of fact are not clearly erroneous. See In re Daniels-Head & Associates, 819 F.2d 914, 917-19 (9th Cir.1987). Therefore, we review the reasonableness of plaintiffs' conduct under the circumstances as found by the bankruptcy court.
 
 
 18
 Plaintiffs' action seeking $19.5 million from the bank related to the existence and validity of two mortgage transactions in 1975 and 1978. The bank sought to establish the validity of the transactions through discovery of loan documents in plaintiffs' possession. Plaintiffs repeatedly refused to comply with the discovery requests and even withheld relevant facts and documents from their counsel. When plaintiffs finally furnished the requested documents, their counsel moved to withdraw from representation, asserting that the action lacked merit in law as well as in fact. The case was dismissed on the same date the bankruptcy court granted plaintiffs' counsels' motion to withdraw.
 
 
 19
 Rule 11 authorizes imposing sanctions against a litigant "when a reasonable inquiry would have disclosed that the complaint was either lacking in factual support or unwarranted by existing law." Herron, 858 F.2d at 336. Plaintiffs' failure to disclose the relevant loan documents to their counsel was unreasonable under the circumstances, and a violation of Rule 11 resulted from the filing of a complaint not well grounded in fact or law. See Jackson-Colley v. Army Corps of Engineers, 655 F.Supp. 122, 135 n. 13 (E.D.Mich.1987) (sanctions imposed on plaintiff who lied to her attorney about facts of case). Furthermore, plaintiffs' failure to produce the loan documents during discovery was violative of Rule 11 because it caused unnecessary delay and needless increase in the cost of the litigation. Accordingly, we hold that the bankruptcy court did not abuse its discretion by concluding that plaintiffs violated Rule 11.
 
 
 20
 Once a violation of Rule 11 is established, sanctions are mandatory. INVST, 815 F.2d at 401. However, the court has wide discretion in selecting the appropriate sanction. Id. "The two goals of Rule 11 are deterrence and compensation. Of these two, deterrence is the principal goal." Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor, 875 F.2d 1224, 1229 (6th Cir.1989). "[B]ecause deterrence, not compensation, is the principal goal of Rule 11, courts should impose the least severe sanction that is likely to deter." Id.
 
 
 21
 A party seeking sanctions pursuant to Rule 11 has a duty to "mitigate damages by acting promptly and avoiding any unnecessary expenses in responding to papers that violate the rule." Id. at 1230. "It is an abuse of discretion to award all fees claimed when a party has expended a great deal of time and effort defending patently frivolous claims that could have been dismissed ... at an earlier stage in the proceedings." Id. Moreover, the court must inquire into a litigant's ability to pay a monetary sanction, and failure to consider ability to pay is an abuse of discretion. Id.
 
 
 22
 In the present case, the bankruptcy court ordered plaintiffs to pay the bank's expenses, attorneys' fees and costs of $87,566.33, and to pay the clerk of the bankruptcy court $2,500. The bankruptcy court concluded that the bank "incurred substantial, yet reasonable, expenses and attorneys' fees as the result of Plaintiffs' unreasonable and vexatious tactics." However, the court made no inquiry as to plaintiffs' ability to pay the sanction. Under our decision in Jackson, we hold that the bankruptcy court abused its discretion by imposing sanctions of over $90,000 without inquiring as to plaintiffs' ability to pay. Given the financial condition of the plaintiffs, we believe that a lesser sanction would serve the principal goal of Rule 11, that being deterrence rather than compensation.
 
 III.
 
 23
 For the reasons stated, we AFFIRM the district court's decision affirming the bankruptcy court's decision to impose sanctions for plaintiffs' violation of Rule 11 and Bankruptcy Rule 9011. However, the amount of the sanctions is VACATED, and the case is REMANDED to the district court with instructions to order the bankruptcy court to reassess the amount of sanctions to be imposed taking into consideration the plaintiffs' ability to pay.
 
 
 
 [1]
 Plaintiffs also appealed the bankruptcy court's order of July 11, 1986, dismissing their adversary proceeding, but the district court dismissed the appeal as untimely, and plaintiffs have not appealed that decision to this court