Janet M. DANESE, Personal Representative of the Estate of David Danese, Deceased, et al., Plaintiffs,

v.

CITY OF ROSEVILLE, et al., Defendants.

No. 84–CV–75923–DT.

United States District Court, E.D. Michigan, S.D.

March 5, 1991.

William G. Povlitz, Grosse Pointe Woods, Mich., for plaintiffs.

Thomas E. Spencer, Grand Rapids, Mich., for Asman, Peters, Hill & Stein.

Ronald H. Greve, Roseville, Mich., for Gowsoski, Chuchran, Cardinal & Kenyon.

James S. Goulding, 1800 Buhl Building, Detroit, Mich., for Pelt & Hawkins.

John H. Cowley, Jr., Farmington Hills, Mich., for City of Roseville.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

### I. INTRODUCTION

This action stems from the suicide-hanging of David Danese in the Roseville City Jail on November 9, 1982. Plaintiffs, the deceased's father, mother, siblings and estate, originally brought this action under 42 U.S.C. §§ 1983 and 1985.

The following entities and individuals were originally named as defendants: The Roseville Police and Fire Departments, Mayor Riester, Chief of Police Asman, Inspector Peters, Sergeants Hill and Stein, Officers Gowsoski, Chuchran, Cardinal and Kenyon, Fire Chief Ireland and Fire Department employees Pelt, D. Komack, R. Komack and Hawkins.

The Police and Fire Departments, Mayor Riester, Chief Ireland, D. Komack and R. Komack have been dismissed by stipulation.

Defendants Asman, Peters, Hill, Stein, Gowsoski, Chuchran, Cardinal and Kenyon (collectively referred to herein as "defendants") sought summary judgment based on a qualified immunity theory. The Honorable James Harvey, United States District Judge for the Eastern District of Michigan, in an opinion filed September 16, 1987, denied defendants' motion for summary judgment.

Defendants appealed the district court's decision to the Sixth Circuit Court of Appeals. In a split decision, the court of appeals reversed the district court and ordered entry of judgment for defendants. Plaintiffs subsequently filed an application for a writ of certiorari, which was denied. On April 30, 1990, this case was reassigned to this Court from Judge Harvey.

This matter now comes before the Court on defendants' motion to recover actual costs and attorney fees.[1] Defendants ar-

---

1. Movants Asman, Peters, Hill and Stein filed a motion and brief in support thereof. Movants Gowsoski, Chuchran, Cardinal and Kenyon filed a separate motion and brief, which relied on the legal authorities cited in the brief filed on behalf of defendants Asman, et al. The Court views the two motions jointly. Thus, all the movants are referred to collectively as "defendants."

All defendants rely on the same arguments to support their motion for recovery.

gue that pursuant to Fed.R.Civ.P. 11, 42 U.S.C. § 1983, and Fed.R.Civ.P. 68, they should be awarded actual costs and attorney fees resulting from their involvement in this case.

Plaintiffs filed a timely response. Both parties have fully briefed the motion, and pursuant to E.D.Mich.Local Rule 17(*l*), the Court addresses it without entertaining oral argument. For the reasons stated below, the Court denies defendants' motions.

## II. DISCUSSION

### A. RECOVERY UNDER RULE 11

■ Rule 11 of the Fed.R.Civ.P. ensures that an attorney's signature on a pleading or motion certifies that the attorney has read the document and that to the best of the attorney's knowledge, the document is well grounded in fact and warranted by existing law or a good faith argument for a change or reversal of that law. The attorney's signature also includes a guarantee that the document was not created to increase costs, cause harassment, or create delay. Violations of the rule will result in sanctions and reasonable expenses incurred because of the filing of the document. *Century Products, Inc. v. Sutter*, 837 F.2d 247, 250 (6th Cir.1988). The advisory notes indicate that the language of the rule points to the importance of inquiry into the facts and law before a pleading or motion is filed. Rule 11 imposes this duty on the attorney prior to signing the document. The standard to judge requests for Rule 11 sanctions is no longer subjective good faith. Instead, the standard is one of reasonableness under the circumstances. *Id.* The Court is expected to avoid using the wisdom of hindsight.

Defendants argue that plaintiffs have violated Rule 11's reasonableness requirement in the following ways: (1) in light of § 1983's pleading requirements, plaintiffs were remiss in averring facts and legalities that did not exist; (2) defendants' immunity defense should have provoked "a professional research effort" by plaintiffs' counsel, which would have led to plaintiffs' realization that their claim against defendants lacked merit; (3) when defendants filed their motion to dismiss, which contained a qualified immunity defense, "a clear factual predicate" revealed that defendants would prevail on their immunity defense; (4) two Fifth Circuit Court of Appeals' decisions, *Partridge v. Two Unknown Police Officers*, 791 F.2d 1182 (5th Cir.1986) and *Gagne v. City of Galveston*, 805 F.2d 558 (5th Cir.1986), controlled the issue of whether defendants' actions were immune, and clearly indicated that defendants' actions were immune; (5) contrary to the clear dictates of the two above-mentioned Fifth Circuit Opinions, plaintiffs filed a petition for hearing en banc; (6) plaintiffs petitioned the United States Supreme Court for a writ of certiorari despite *Beddingfield v. City of Pulaski*, 861 F.2d 968 (6th Cir.1988) and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), in both of which the courts held that absent a preexisting constitutional duty, a failure to train was not actionable under 42 U.S.C. § 1983.[2]

■ The Court finds that plaintiffs' conduct was within the parameters of acceptable professional conduct. As evidenced by plaintiffs' success in the district court and by the split decision in the Court of Appeals, plaintiffs presented reasonable theories of recovery in their complaint based on an adequate inquiry into relevant facts and a sufficient investigation of the relevant law.

Additionally, plaintiffs' contentions may have been warranted by a good-faith argument for the extension, modification, or

---

**2.** Defendants also allege that at various times plaintiffs misquoted, mischaracterized, or adulterated the language in the district court and appellate court opinions. However, this Court refuses to characterize plaintiffs' conduct as such.

Defendants point to alleged improprieties that may very well have resulted from mistake and/or inadvertence. Defendants have not proved that the alleged misrepresentations were intentional. Thus, the argument that plaintiffs maligned the language of various court opinions lacks merit and will not be discussed any further herein.

reversal of existing law,[3] as evidenced by the appellate court's split decision in favor of defendants.

Furthermore, as noted by plaintiffs, at no time during the six years of these proceedings has the district court cited plaintiffs' counsel for bad faith or improper motives. After a *de novo* review of the file, this Court finds no evidence of bad faith or improper motive on the part of the plaintiffs. Therefore, it cannot be said that plaintiffs harassed, unnecessarily delayed, or needlessly increased the costs of litigation.

■ Regarding defendants' arguments about the effect of fifth circuit case law, such law does not present binding authority in this Court or in the Court of Appeals for the Sixth Circuit. Therefore, plaintiffs' failure to succumb to the dictates of *Partridge* and *Gagne* does not amount to an unreasonable practice. Furthermore, even if *Partridge* and *Gagne* were sixth circuit cases, as noted above, plaintiffs were free under Rule 11 to argue for an extension, modification, or reversal of them.

In summary, after careful review of the entire record, the Court finds that plaintiffs' conduct and practices were reasonable. Furthermore, the Court finds that plaintiffs did not harass, delay or needlessly increase the costs of litigation. Therefore, costs and sanctions are not attainable under Rule 11.

## B. RECOVERY UNDER 42 U.S.C. § 1988

■ Section 1988 provides, in part, the following: "In any action or proceeding to enforce a provision of § [1983] ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs."

Defendants argue that § 1988 permits the prevailing party in an action brought pursuant to § 1983 to recover costs and reasonable attorney fees when the claim defended was frivolous, unreasonable, or groundless, or the plaintiff continued to litigate after it clearly became so. In support of this proposition, defendants cite *Hughes v. Rowe*, 449 U.S. 5, 15, 101 S.Ct. 173, 179, 66 L.Ed.2d 163 (1980). Defendants assert that their Rule 11 analysis satisfies the requirements of *Hughes* and "warrants the conclusion that sanctions under 42 U.S.C. § 1988 should be imposed."

Although defendants prevailed in this case, the Court declines to award attorney's fees pursuant to 42 U.S.C. § 1988. Section 1988 gives this Court the discretion to award fees and costs to the prevailing party. However, for the reasons mentioned above, the Court declines to exercise its discretion in favor of defendants.

## C. RECOVERY UNDER FED.R.CIV.P. 68

Defendants allegedly tendered an offer of judgment under Rule 68 to each and every plaintiff claiming against each and every defendant. Defendants report that this offer was made on November 11, 1987. Because plaintiffs offered no response of any kind whatsoever, the offer was deemed withdrawn.

■ After the offers were tendered, the district court denied defendants' then pending motion for summary judgment. The court held that the defendants were not immune from suit. Defendants appealed the court's denial of their motion. In a split decision, the court of appeals reversed the district court, and ordered entry of judgment for defendants. Defendants now argue that because they tendered an offer and the court of appeals held in their favor, they are entitled to costs under Rule 68.

Rule 68, in part, reads as follows:

At any time more than ten days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.... An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a pro-

**3.** For example, plaintiffs' petition for rehearing with suggestion for hearing en banc indicates that plaintiffs sought to modify and/or reverse existing law.

ceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. . . .

The provisions of Rule 68 do not refer to judgments obtained by the defendant. *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981).[4] Rule 68 applies only when the district court enters judgment in favor of a plaintiff for an amount less than the defendant's settlement offer. *Allen v. U.S. Steel Corp.,* 665 F.2d 689 (5th Cir.1982).

Both *Delta Air Lines* and *Allen* prove fatal to defendants' claims. Pursuant to *Delta Air Lines,* defendants cannot recover costs under Rule 68 because judgment was entered in this case for defendants, not plaintiffs. More importantly, pursuant to *Allen,* defendants may not recover costs under Rule 68 because the district court never entered judgment in favor of plaintiffs—the district court merely denied defendants' motions for summary judgment. Thus, for defendants, Rule 68 is of no avail.

### III. CONCLUSION

For all of the foregoing reasons, the Court declines to impose sanctions on plaintiffs and refuses to award defendants costs and attorney fees. Accordingly, defendants' motions, brought pursuant to Fed.R. Civ.P. 11, 68, and 42 U.S.C. § 1988, are hereby DENIED.

IT IS SO ORDERED.

---

**4.** The *Delta Air Lines* majority concluded that a "take nothing" judgment, that is one entered when a party loses on the merits, does not constitute receipt of a judgment less favorable than an offer under Rule 68. However, this Court is of the opinion that the dissent in *Delta Air Lines* has the better argument. The *Delta Air Lines* dissent argued that a plaintiff who loses on the merits and then has a "take nothing" judgment entered against him has, in fact, as an offeree obtained a judgment not more favorable than the offer and should, therefore, pay costs pursuant to Fed.R.Civ.P. 68. This Court is in accord with the *Delta Air Lines* dissent's poignant observation that the majori-

ty's construction has the peculiar and anomalous effect of allowing "a plaintiff who has refused an offer under Rule 68 and then has a 'take nothing' judgment entered against her [to] be in a better position than a similar plaintiff who has refused an offer under Rule 68 but obtained a judgment in her favor, although in a lesser amount than that which was offered pursuant to Rule 68." *Delta Air Lines,* 450 U.S. at 375, 101 S.Ct. at 1161.

Notwithstanding the peculiar effect of the *Delta Air Lines* holding, which is manifest in this case, this Court is bound by the majority opinion and applies it faithfully herein.