958 F.2d 371
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John R. ABBRUZZESE, Plaintiff-Appellant,
v.
Mitchell HAMMOND; Michael Hatzo; Westerville Police
Department; City of Westerville; Defendants-Appellees.
 Nos. 91-3695, 91-4034.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1992.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and BELL, District Judge.[1]
 PER CURIAM.
 
 
 1
 John Abbruzzese was indicted, tried, and acquitted on a charge of sexual battery under Ohio Rev.Code § 2907.03 in connection with his alleged sexual activity with a seventeen-year-old female. Abbruzzese coached the young woman's high school softball team. After he was acquitted of the charge, Abbruzzese brought an action in federal district court against the City of Westerville, the Westerville Police Department, and Officers Mitchell Hammond and Michael Hatzo, the Westerville police department detectives who investigated the case, alleging damages under 42 U.S.C. § 1983 for false arrest in violation of his Fourth Amendment rights. Abbruzzese also made a pendent state claim of malicious prosecution. The present appeal primarily pertains to Abbruzzese's claims against defendants Hammond and Hatzo.
 
 
 2
 The district court granted summary judgment against Abbruzzese on all claims and imposed sanctions on Abbruzzese's counsel under Fed.R.Civ.P. 11 for the filing of a frivolous complaint. Abbruzzese appeals the grant of summary judgment and the imposition of sanctions. For the reasons stated below, we affirm the district court's grant of summary judgment and reverse the district court's imposition of sanctions.
 
 
 3
 In July of 1989, Westerville Police Department detectives Mitchell Hammond and Michael Hatzo began investigating John Abbruzzese after receiving a complaint from a parent that Abbruzzese was sexually involved with minors on the Westerville North girls' softball team. Abbruzzese was employed as a teacher at Westerville North and was under separate contract with the school system to coach the girls' softball team. Hammond and Hatzo interviewed Cheryl Beckel, one of the female students with whom Abbruzzese was allegedly involved. Beckel admitted having frequent sexual contact with Abbruzzese and told the detectives that she had heard that two of her teammates had had similar contact with Abbruzzese.
 
 
 4
 Using information provided by the detectives, the Franklin County Prosecutor's office approved a warrant for Abbruzzese's arrest and proceeded to seek a grand jury indictment of Abbruzzese for sexual battery. Following Abbruzzese's arrest, the detectives continued interviewing other parents and students and investigated allegations of improprieties by Abbruzzese at another high school in Columbus, Ohio. In a case of first impression for Ohio, a state court tried and acquitted Abbruzzese of the charge of sexual battery under Ohio Rev.Code § 2907.03, finding that Abbruzzese did not stand in loco parentis to Beckel. The statute provides that no person shall engage in sexual conduct with another when "[t]he offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis." Id.
 
 
 5
 Following his acquittal, Abbruzzese brought suit in federal district court against the detectives, the city, and the police department. Abbruzzese alleged a number of violations that the district court amagalmated into a claim of malicious prosecution and a violation of 42 U.S.C. § 1983. The detectives moved for summary judgment. The district court granted the detectives' motion for summary judgment, finding that the detectives were protected under qualified immunity because the detectives did not violate any of Abbruzzese's "clearly established" rights. Alternatively, the court stated the record contained substantial evidence of probable cause for Abbruzzese's arrest and therefore the detectives possessed qualified immunity. The district court granted the city and police department's motions for summary judgment, finding that Abbruzzese neither contested nor offered evidence to controvert the city and police department's defense of immunity under Ohio Rev.Code §§ 2744.02(A) and 2744.02(B). The district court also granted the defendants' motion for sanctions against Abbruzzese's counsel under Fed.R.Civ.P. 11.
 
 
 6
 On appeal, Abbruzzese argues that the district court erred in granting the detectives' motion for summary judgment because genuine issues of material fact exist concerning the detectives' qualified immunity. Abbruzzese also alleges genuine issues of material fact concerning whether the detectives had probable cause to arrest him. Abbruzzese's counsel appeals the imposition of sanctions, arguing that the complaint was based on counsel's reasonable investigation of the facts and law, and that under the totality of the circumstances, the complaint was not frivolous.
 
 
 7
 In reviewing summary judgment, we utilize the same test as that used by district courts. Qualicare-Walsh, Inc. v. Ward, 947 F.2d 823, 825 (6th Cir.1991) (citing EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990)). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Concerning materiality, the Supreme Court has held that only disputes over facts that "might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). "[A] dispute about a material fact must be 'genuine' such that it concerns evidence upon which the jury could return a verdict for the nonmoving party." Qualicare, 947 F.2d at 826 (citing Liberty Lobby, 477 U.S. at 248).
 
 
 8
 If police officers are performing discretionary duties and their conduct did not violate what a reasonable person would know to be clearly established statutory or constitutional rights, the officers are shielded by qualified immunity from liability for civil damages. Long v. Norris, 929 F.2d 1111, 1114 (6th Cir.), cert. denied sub nom. Jones v. Long, 112 S.Ct. 187 (1991) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). We must determine whether the right that Abbruzzese alleges was violated was "clearly established." The illegality of the act must be apparent in light of pre-existing law. Anderson v. Creighton, 483 U.S. 635, 640 (1987).
 
 
 9
 In Abbruzzese's case, the clearly established right at issue is the legal theory that a high school coach who has engaged in sexual conduct with a student-athelete cannot be held to stand in loco parentis with the student-athlete. The detectives arrested Abbruzzese for sexual battery under Ohio Rev.Code § 2907.03, which prohibits a person who stands in loco parentis from engaging in sexual conduct with the ward. Applying Anderson and Hall, we must decide whether or not the clearly established legal right--that coaches cannot be held to be in loco parentis with their student athletes--pre-existed the detectives' arrest of Abbruzzese.
 
 
 10
 Abbruzzese's trial for sexual battery revealed that this was an issue of first impression for Ohio. Because of this and because the issue was first decided at Abbruzzese's trial, we find that this right did not exist prior to Abbruzzese's arrest. Therefore, we affirm the district court's determination that the detectives have a valid defense of qualified immunity.
 
 
 11
 In granting the motion for sanctions, the district court found that Abbruzzese's counsel knew that the pivotal issue of whether a coach can stand in loco parentis was one of first impression in Ohio. The district court stated that because a cursory investigation of the pertinent law would clearly indicate a ruling of first impression cannot give rise to a violation of a "clearly established right," Abbruzzese's counsel acted unreasonably. The district court also found Abbruzzese's suit unreasonable because of the abundance of evidence indicating probable cause.
 
 
 12
 The test for the imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances. Mihalik v. Pro Arts, Inc., 851 F.2d 790, 792 (6th Cir.1988). Although it presents a mixed question of law and fact, a district court's decision is reviewed under an abuse of discretion standard "because 'of the district court's more intimate knowledge of the facts of these cases.' " Id. at 793 (quoting Century Products, Inc. v. Sutter, 837 F.2d 247, 253 (6th Cir.1988)). In reviewing the record, we find that Abbruzzese's counsel did not act unreasonably in pursuing Abbruzzese's claims. We cannot say that the claim was so unfounded as to be frivolous and unreasonable. Because counsel did not act unreasonably, we find that the district court abused its discretion in imposing sanctions.
 
 
 13
 Thus, the district court's judgment is affirmed on the claims and reversed on sanctions.
 
 
 
 [1]
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation