14 F.3d 602
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Josue RODRIGUEZ, Plaintiff-Appellee,
v.
CREDIT BUREAU OF YPSILANTI, Defendant-Appellant.
 No. 92-2194.
 United States Court of Appeals, Sixth Circuit.
 Dec. 27, 1993.
 
 Before: JONES and SILER, Circuit Judges; and RUBIN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Credit Bureau of Ypsilanti ("Credit Bureau") appeals the district court's denial of its Motion for Attorney Fee Sanctions, made pursuant to Rule 11 of the Federal Rules of Civil Procedure. For the reasons stated herein, we affirm the district court's refusal to impose sanctions against either Plaintiff or his attorney.
 
 I.
 
 2
 On approximately July 6, 1991, Plaintiff Josue Rodriguez received a notice dated June 18, 1991, from the Credit Bureau. This notice was given to him by his ex-wife, Cindy Rodriguez ("Cindy"). Cindy lived at Plaintiff's former address, where the notice was sent. In the notice it was alleged that Plaintiff owed Mark Management Company a specified sum of money. To contest the amount allegedly owed, Rodriguez requested representation from the UAW-GM Legal Services Plan. It was his belief that the amount requested was incorrect.
 
 
 3
 During his initial conversation with the UAW-GM attorney, Orene Bryant, Plaintiff was asked whether he had received any other notices from the Credit Bureau. To explore this issue, Bryant instructed Plaintiff to ask his ex-wife whether any other notice had been sent to him at her address. Rodriguez did this, and Cindy informed him she had not received any other such mail. Rodriguez did this, and Cindy informed him she had not received any other such mail. Rodriguez relayed this information to Bryant, who filed a complaint against the credit Bureau of Ypsilanti. The complaint alleged that the defendant, Credit Bureau of Ypsilanti ("Credit Bureau"), had violated the Federal Debt Collection Practices Act, 15 U.S.C. Sec. 1692 et seq., and the Michigan Collection Practices Act, MCLA 339.901 et seq.. These Acts require that an initial notice of indebtedness contain certain specified information, which the notice that Plaintiff possessed did not.
 
 
 4
 The Credit Bureau's Answer and Affirmative Defenses revealed that an earlier letter had been sent near the end of May 1991. Upon receipt of this Answer, Bryant asked Rodriguez to request that Cindy re-search her home to see if she could find the earlier letter. Rodriguez participated in this search, and they discovered the initial letter, dated May 21. This letter complied with the laws governing debt collection practices, and Appellee volunteered to dismiss the case. Dismissal was granted, but the Credit Bureau alleged that Plaintiff's lawsuit had violated Rule 11 of the Federal Rules of Civil Procedure. Accordingly, they filed a Motion for Attorney Fee Sanctions, which was denied by the district court. They now appeal that decision.
 
 II.
 
 5
 This court reviews a lower court's ruling on an issue arising under Rule 11 using an abuse of discretion analysis. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); Davis v. Crush, 862 F.2d 84, 88 (6th Cir.1988). "A court of appeals would be justified in concluding that a district court had abused its discretion in making a factual finding only if the finding were clearly erroneous." Cooter & Gell, 496 U.S. at 401. Similarly a district court's findings will be an abuse of discretion if they are based upon "an erroneous view of the law." Id. at 405. "In practice [this standard] requires the appellate court to uphold any district court determination that falls within a broad range of permissible conclusions." Id. at 400.
 
 III.
 
 6
 A. The Failure To Hold Oral Argument.
 
 
 7
 The Credit Bureau first alleges that the district court's failure to hold oral argument was an abuse of discretion that improperly influenced subsequent acts by the court. However, the lower court was not required to entertain oral argument. "[A]lthough the assessment of Rule 11 sanctions must comport with procedural due process, a separate hearing on a motion for Rule 11 sanctions is not necessarily required." Davis, 862 F.2d at 88. In the instant case, where we confront the failure of a lower court to impose sanctions, due process concerns are not implicated, thus negating the need for a separate hearing. Accordingly, we find that Credit Bureau's contention that the cancellation of oral arguments was improper, or constituted an abuse of discretion is insupportable.
 
 
 8
 B. A Reasonable Pre-Filing Inquiry.
 
 
 9
 Additionally, Appellant argues that the district court erroneously concluded that Plaintiff's attorney's actions constituted a "reasonable inquiry" for purposes of Rule 11. Rule 11 of the Federal Rules of Civil Procedure provides in relevant part:
 
 
 10
 The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.
 
 
 11
 Hence, Rule 11 requires that attorneys comply with objective standards of reasonableness when pursuing actions in court. This duty to act reasonably includes a duty to undergo a reasonable inquiry into both the factual and legal predicates of the complaint, prior to its filing. "[R]elevant factors for determining whether the reasonable inquiry test has been met in a given case include: 'the time available to the signor for investigation; whether the signor had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based upon a plausible view of the law; or whether the signor depended on forwarding counsel or another member of the bar.' " Davis, 862 F.2d at 88 (quoting Century Prods., Inc. v. Sutter, 837 F.2d 247, 250-51 (6th Cir.1988)).
 
 
 12
 When reviewing a district court's determination that a reasonable inquiry has or has not taken place, we must give broad discretion to the lower court to determine what constitutes reasonable conduct. Mann v. G & G Mfg., Inc., 900 F.2d 953, 958 (6th Cir.), cert. denied, 498 U.S. 959 (1990). This broad discretion is appropriate because "[t]he district court is best acquainted with the local bar's litigation practices and thus best situated to determine when a sanction is warranted to serve Rule 11's goal of specific and general deterrence." Cooter & Gell, 496 U.S. at 404. Deference to the lower court's finding is further urged by the absence of a precise definition of "reasonable inquiry." All that is required is "some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." Fed.R.Civ.Proc. 11, Advisory Committee's Note.
 
 
 13
 In Beverly Gravel, Inc. v. DiDomenico, 908 F.2d 223, 226 (7th Cir.1990), the court found that the attorney's reliance on his client's statements, to support the complaint's allegations, did not constitute a violation of Rule 11. In Beverly, the complaint alleged that defendants had engaged in racketeering activity which had injured several suppliers. However, one of the named suppliers had not in fact been injured. The court found that:
 
 
 14
 Counsel relied on information from his clients in making this allegation. It appears that plaintiffs knew prior to filing that Dadco was a 'problem' account for Road Materials. This was sufficient to support the filing of the complaint.
 
 
 15
 Id.
 
 
 16
 Similarly, in Kamen v. AT & T, 791 F.2d 1006, 1012 (2nd Cir.1986), the court found that counsel's reliance on his client's assertion was sufficient to constitute a reasonable pre-filing inquiry. The issue was whether AT & T received funding from the United States government, making it subject to suit under the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794. Kamen, 791 F.2d at 1008. Counsel's client, an employee of AT & T, had informed him that they did. Id. Counsel relied upon this information in the filing of his complaint with no additional inquiry. Id. at 1012.
 
 
 17
 In the instant case, Attorney Bryant's pre-filing inquiry consisted of instructing her client, Rodriguez, to ask his ex-wife whether or not he had, following receipt of the first letter, received any other mail at her address. When Rodriguez's ex-wife indicated that he had not, Bryant filed the complaint against the Credit Bureau. Similar actions have been found by other courts to constitute a reasonable pre-filing inquiry. In light of the great deference that this court must afford the lower court's decision with respect to the adequacy of a pre-filing inquiry, we conclude that the decision was not clearly erroneous and we affirm the lower court's denial of Defendant's Motion for Attorney Fee Sanctions.
 
 
 18
 C. Failure To Impose Sanctions Against Mr. Rodriguez.
 
 
 19
 The Credit Bureau also asserts that the district court abused its discretion by not imposing sanctions against Mr. Rodriguez and by not issuing a written statement of reasons defending this action.
 
 
 20
 In INVST Fin. Group, Inc. v. Chem-Nuclear Sys., 815 F.2d 391, 401, n. 4 (6th Cir.1987), cert. denied, 484 U.S. 927 (1987), we determined that a court is not required to issue written findings of fact or conclusions of law when issuing a Rule 11 decision. See also Mann, 900 F.2d at 958-59 (affirming district court's imposition of sanctions even though district court made no written findings); and Proposed Rules, 137 F.R.D. 53, 80 (1991) ("[T]he court should not ordinarily have to explain its denial of a motion for sanctions."). Despite Appellant's contention, the district court was not required to generate a written statement of reasons for not imposing sanctions on Mr. Rodriguez.
 
 
 21
 Furthermore, courts have cautioned against the liberal imposition of sanctions against represented parties. In U.S. v. Milam, 855 F.2d 739, 743 (11th Cir.1988), the reviewing court addressed the imposition of sanctions against both an attorney and his client. The court warned that "[a]lthough we have approved in general the practice of levying a fine on the represented party in addition to ordering a party to pay attorney's fees, we suggest that fining a represented party is a very severe sanction that should be imposed with sensitivity to the facts of the case and to the party's financial situation." Id.
 
 
 22
 As the district court was under no duty to issue a written statement of its analysis, and in light of the fact that the imposition of sanctions against a represented party is considered to be a harsh remedy to be applied only in unusual circumstances, the Credit Bureau's position that the district court abused its discretion by not considering sanctions against Mr. Rodriguez is without merit.
 
 
 23
 D. The District Court's Consideration of Good Faith.
 
 
 24
 Appellant's final argument is that the district court's consideration of attorney Bryant's motives was an incorrect application of the law in light of the 1983 amendment of Rule 11. A court abuses its discretion if it does not apply the correct law to its consideration of an issue. Cooter & Gell, 496 U.S. at 402.
 
 
 25
 Prior to 1983, attorneys were not required to undertake a reasonable inquiry of the facts or law prior to filing pleadings with the court. Instead the pre-1983 Rule 11 incorporated a good faith standard which required an attorney to file only those pleadings which to the best of his knowledge had a sound basis. Appellant argues that since 1983 this good faith standard was replaced by the objective standard of a "reasonable inquiry." Appellant's contention is correct. The good faith standard of the initial prong of Rule 11 has been replaced by an objective standard of "reasonable inquiry." However, in arguing that the lower court's references to "good faith" constituted an abuse of discovery, Appellant fails to consider both requirements arising under the amended Rule.
 
 
 26
 A violation of Rule 11 will arise if either a "reasonable inquiry" of the relevant facts and law has not taken place, or if the pleading has been filed for some improper motive. In its opinion the district court made reference both to its finding that the attorney's actions constituted a reasonable inquiry and to its belief that she acted in good faith. This language merely evidences the district court's consideration of both requirements of Rule 11. In ruling out sanctions, the lower court considered whether the filing of the complaint had violated either portion of Rule 11. This was not clearly erroneous.
 
 IV.
 
 27
 For the foregoing reasons, we AFFIRM.
 
 
 
 *
 The Honorable Carl B. Rubin, District Judge for the Southern District of Ohio, sitting by designation