48 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mark G. SPURLOCK and Judith A. Downs, Plaintiffs-Appellants,
v.
Richard DEMBY, Demby, Inc., City of North Ridgeville Police
Department, City of North Ridgeville Special Crisis
Management Team, Kosma J. Glavas, Kenneth P. Frankel, Smith
& Smith Counselors at Law, Donald J. Rothgery, Donna Rock,
Martin J. Mahoney, Jane Doe # 1-25, and John Doe # 1-25,
Defendants-Appellees.
 No. 92-3842.
 United States Court of Appeals, Sixth Circuit.
 March 2, 1995.
 
 Before: JONES, SILER and GODBOLD*, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs, Mark Spurlock and Judith Downs, appeal the decision of the district court awarding attorney's fees of $2,213.70 to defendants under Federal Rule of Civil Procedure 11. Plaintiffs contend that the district court should have taken into consideration the fact that it was their first case ever filed in the district court and therefore they should not be held to the same standard as an attorney, that the defendants' motion for sanctions was untimely filed and that the standards for awarding sanctions under Rule 11 were not met in this case. For the reasons stated herein, we affirm the decision of the district court.
 
 I.
 
 2
 Richard Demby and Demby, Inc. (collectively "Demby") purchased a house at a sheriff's sale pursuant to an order of sale obtained in a foreclosure action. At the time of the purchase, Chris and Dean Schramm resided in the house. Demby obtained a writ of possession in order to take possession of the premises. Plaintiffs, Spurlock and Downs, were at the house as guests of the Schramms when the writ was executed by the county sheriff's department and the city police. The law enforcement officers allegedly broke down the door, entered the house with guns drawn, ordered everyone to get face down on the floor, and handcuffed plaintiffs while the property was searched. Plaintiffs contend that they were not shown a lawful arrest warrant nor were they ever asked or ordered to leave the property.
 
 
 3
 Plaintiffs, acting pro se, filed a complaint in district court against the common pleas judge, Kosma J. Glavas; the clerk of court, Donald J. Rothgery, and his deputy, Donna Rock; the sheriff, Martin J. Mahoney; the City of North Ridgeville, and its police department, and its Special Crisis Management Team; attorneys, Kenneth P. Frankel and Smith and Smith; Jane Doe and John Doe; and Demby. They alleged that: (1) the law enforcement agencies used excessive force and entered the premises without probable cause in violation of their Fourth Amendment rights; (2) Demby, acting in concert with the clerk of the courts, obtained a writ of possession, which was a "fraud and a lie" in violation of plaintiffs' equal protection and due process rights under the Fourteenth Amendment; and (3) the judge violated plaintiffs' right to be secure in their "Blessings of Liberty," by signing an order that authorized the sheriff to forcibly enter the premises and arrest those persons who refused to vacate the premises.
 
 
 4
 The district court granted summary judgment to the judicial personnel and the law enforcement officials. Further, the district court dismissed the complaint against Demby for failure to state a cause of action because there were no facts showing that Demby acted under color of state law.
 
 
 5
 Subsequent to the dismissal of the case, Demby filed a motion for attorney's fees pursuant to Fed.R.Civ.P. 11 and 42 U.S.C. Sec. 1988. The court granted the motion pursuant to Fed.R.Civ.P. 11.
 
 II.
 
 6
 "The question of whether an individual's conduct was reasonable under the circumstances is a mixed question of law and fact. In light of the district court's more intimate knowledge of the facts of these cases, this court has determined that an abuse of discretion standard of review of the district court's decision to grant Rule 11 sanctions is proper." Mann v. G & G Manufacturing, Inc., 900 F.2d 953, 958 (6th Cir.1990) (quoting Century Products, Inc. v. Sutter, 837 F.2d 247, 253 (6th Cir.1988)). See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 409 (1990).
 
 
 7
 Federal Rule of Civil Procedure 11, as amended effective August 1, 1983,[1] provides in pertinent part:
 
 
 8
 The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
 
 
 9
 Plaintiffs' first contention is that the district court erred because pro se litigants should not be held to the same standards as attorneys. This contention is meritless. The Supreme Court, in Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533, 548 (1991), found that the plain language of Rule 11, "speaks of attorneys and parties in a single breath and applies to them a single standard." Further, "any signer must conduct a 'reasonable inquiry' or face sanctions." Id. Therefore, while Rule 11 does provide that a person's knowledge, information, and belief are to be based on reasonableness under the circumstances, the rule does not provide a different standard for attorneys and non-attorneys. A court should take into account "the circumstances" surrounding a pro se litigants pleadings. Nevertheless, the litigant still must meet the general requirements of Rule 11.
 
 
 10
 Plaintiffs next contend that Demby's motion for sanctions was untimely because it was filed eighty-one days after plaintiffs filed their motion for reconsideration. This contention is also meritless. There is no local rule in the Northern District of Ohio limiting the time period for filing a motion for attorney's fees. See Ruben v. Warren City Sch., 825 F.2d 977, 981 (6th Cir.1987), cert. denied, 485 U.S. 934 (1988). Instead, the test for timeliness is one of reasonableness. Id. A district court acts well within its discretion in considering a motion for attorney's fees filed eighty-one days after a motion for reconsideration. See White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 447-48 (1982) (upholding an award of attorney's fees under 42 U.S.C. Sec. 1988 where the motion for fees was filed four and one-half months after the entry of final judgment); Ruben, 825 F.2d at 981-82 (recognizing a district court's right to consider a motion for attorney's fees filed almost "four months after the district judge's findings of fact and conclusions of law and almost three months after the notice of appeal"). Therefore, the district court did not abuse its discretion in considering Demby's motion for sanctions.
 
 
 11
 Plaintiffs' final contention is that the standards for awarding sanctions under Rule 11 were not met in this case. This contention is likewise without merit. The district court found that the action against Demby was "not well grounded in fact and was not warranted by existing law or the good faith argument for the extension, modification or reversal of existing law."
 
 
 12
 The test for whether sanctions under Rule 11 are appropriate is whether the conduct of the litigant was objectively reasonable under the circumstances. See Business Guides, Inc. 498 U.S. at 551. Further, since the district court has a more intimate knowledge of the facts of the case, it is to be accorded wide discretion in its determination of whether the conduct of the litigant was reasonable. See Mann, 900 F.2d at 958.
 
 
 13
 A review of the record reveals that plaintiffs failed to present any facts showing that Demby acted under color of state law or that he in any way deprived plaintiffs of their rights under the Constitution. To the contrary, Demby followed appropriate state legal procedures to take possession of the premises he rightfully owned. Therefore, the district court did not abuse its discretion when it sanctioned plaintiffs because their complaint was neither well grounded in fact nor warranted by existing law.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable John C. Godbold, United States Circuit Judge for the Eleventh Circuit, sitting by designation
 
 
 [1]
 Rule 11 was amended again, effective December 1, 1993. The amended rule governs pending cases "insofar as just and practicable." Preface, 113 S.Ct. 478 (Apr. 22, 1993). In the case at bar, the district court applied the 1983 version of Rule 11 as its ruling was made prior to the enactment and effective date of the 1993 amended version. We find that the application of the 1993 amended version would not be "just and practicable" in this case and therefore review this case pursuant to the 1983 version of Rule 11